Edwin I. McKELLAR, Jr., Appellant,

v.

Searcy BRACEWELL et al., Appellees.

No. 15370.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 9, 1969.

Rehearing Denied Jan. 30, 1969.

Newton B. Schwartz, Houston, for appellant, Edwin I. McKellar, Jr., Wayne Prosperi, Houston, of counsel.

Fulbright, Crooker, Freeman, Bates & Jaworski, W. H. Vaughan, Jr., Houston, for appellees Searcy Bracewell and others.

Grant Cook, Houston, for appellees Joe H. Reynolds and William H. White; Reynolds, White, Allen & Cook, Houston, of counsel.

COLEMAN, Justice.

This is a suit brought by appellant for damages for an alleged breach of a partnership contract, and other relief, including an accounting, exemplary damages, and quantum meruit relief for certain services rendered some of the appellees.

Appellees have filed a motion asserting that this appeal must be dismissed because no final judgment has been entered in the cause. We sustain this motion.

On December 16, 1966, the trial court entered a pre-trial order pursuant to Rule 174, Texas Rules of Civil Procedure, which, in part, provided:

"Pursuant to Rule 174 of the Texas Rules of Civil Procedure, the Court has concluded that the issues herein should be severed for purposes of separate trials. In the first trial of this cause, which will be set for an early date, the issue of whether plaintiff is bound by the terms of the written partnership agreement executed by all of the partners in the firm of Bracewell, Reynolds & Patterson, whether said agreement was breached and whether plaintiff is thereby not bound by the terms of said written partnership agreement will be tried. The issue of whether or not plaintiff is entitled to any retainer pursuant to his alleged agreement with all defendants other than Reynolds and White will also be tried at the first trial. All other issues in the case, including all questions of the amounts of damages to which plaintiff is entitled, if any, will be tried at a later date after the first trial is held."

After a trial before a jury, limited as to issues as provided in the pre-trial order, a judgment was entered by the trial court on the 12th day of March, 1968. It was entitled a "Partial Judgment," and began: "On the 29th day of January, 1968, came on to be heard the first trial in the above cause pursuant to pre-trial order heretofore entered by the Court."

The judgment also provided:

" * * * The amount of the benefits to which plaintiff is entitled, if any, pursuant to said partnership agreement will be determined in the second trial in

this cause pursuant to the pre-trial order heretofore entered by the Court * * *.

"* * * The issue as to what amount of money if any, plaintiff is entitled to recover of defendants other than Reynolds and White, by reason of his alternative claim based upon quantum meruit will be determined at the second trial of this cause pursuant to the pre-trial order entered herein. * * *"

It is clear from the pre-trial order, and the judgment entered, that the trial court was proceeding under Rule 174(b), T.R.C.P., to have separate trials of claims and issues. The trial court did not dispose of the entire case in the judgment, and did not enter an order of severance. The judgment entered is interlocutory. The attempted appeal must be dismissed. Palmer v. D. O. K. K. Benevolent and Insurance Ass'n, 160 Tex. 513, 334 S.W.2d 149 (1960); Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959); Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (Tex.1959).

The appeal is dismissed.