MELVIN GREEN, INC. and Melvin
Green, Appellant,

v.

QUESTOR DRILLING CORP., Appellee.

No. 07–96–0349–CV.

Court of Appeals of Texas,
Amarillo.

June 5, 1997.

Rehearing Overruled July 7, 1997.

Lea & Plavnicky, PLC, David J. Plavnicky, Joseph P. Tynan, Steven E. Goodson, Houston, for appellant.

Baker & Botts, LLP, Claudia Wilson Frost, Michael L. Brem, Macy Reasoner Stokes, Houston, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

REAVIS, Justice.

At issue herein is the applicability of an indemnity clause in a drilling contract to a "consultant" who was not a party to the contract between the well operator and the drilling contractor. Melvin Green, Inc. and Melvin Green individually (herein collectively called Green) bring this appeal complaining that the trial court erred in granting the cross-motion for summary judgment of Questor Drilling Corporation (herein Questor) and in denying Green's motion for summary judgment. We affirm.

Ken Petroleum (as operator) and Questor (as contractor), entered into a written contract for the drilling of a well using a form contract entitled IADC Drilling Bid Proposal and Daywork Drilling Contract. In the oil and gas industry, wells are commonly drilled on "turnkey," "footage" or "day rate" contracts.[1] In this instance Ken Petroleum, the operator, and Questor, the contractor, agreed to drill the well on a "daywork basis" under direction of the operator. The contract contained twenty-four numbered paragraphs and numerous subparagraphs covering a variety of topics, i.e. (5) time of payments to the contractor, (7) casing program, (13) insurance and (14) responsibility for loss or damage.[2] Among other provisions, paragraph 21 prohibited assignment of the contract by the operator or contractor without written consent of the other.

By oral agreement, Ken Petroleum engaged Green as an independent consultant to supervise the daily drilling operations. In this capacity, Green was to direct drilling operations for the operator as the "company man."[3] During drilling operations, a Questor employee was killed in an accident. A lawsuit was commenced by the survivors of the Questor employee, which resulted in a settlement to which Green contributed $464,-458.60. After Green made the settlement contribution, Green commenced this action against Questor claiming that because Green was a consultant for the operator, Green was entitled to indemnity from Questor. Following Green's motion for summary judgment, Questor filed a cross-motion for summary judgment and response to Green's motion. Among other things, Questor asserted that because Green was not a party to the contract, Green was not entitled to indemnification and, alternatively, that the indemnity paragraph was void under the Texas Anti-Indemnity Statute. Tex. Civ. Prac. & Rem. Code Ann. §§ 127.001–127.007 (Vernon Supp. 1994). The trial court denied Green's motion for summary judgment and instead granted Questor's motion.

**Standard of Review**

The question on appeal from a summary judgment is not whether the summary judgment evidence raises a fact issue on the essential elements, but whether the evidence establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor Industries, Inc.*, 763 S.W.2d 411, 413 (Tex.1989). When both parties seek summary judgment, each party must carry its own burden as the movant and, in response

---

1. *Haas v. Gulf Coast Natural Gas Company*, 484 S.W.2d 127, 131 (Tex.Civ.App.—Corpus Christi 1972, no writ).

2. The contract was a form provided by the International Association of Drilling Contractors. The indemnity provisions of this contract are similar but not identical to the indemnity provisions in the contract discussed in *Maxus Explora-tion Co. v. Moran Bros., Inc.*, 817 S.W.2d 50 (Tex.1991).

3. "Company man" is a term of common use in the industry. *Yeager v. Drillers, Inc.*, 930 S.W.2d 112, 116 (Tex.App.—Houston [1st Dist.] 1996, no writ).

to the other party's motion as the non-movant, neither party can prevail simply by the other party's failure to discharge their burden. *Tigner v. First National Bank of Angleton,* 153 Tex. 69, 264 S.W.2d 85, 87 (1954). When both motions are before it, the trial court may consider all of the summary judgment evidence in deciding whether to grant either motion, *Dallas County Appraisal Dist. v. Institute for Aerobics Research,* 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied), and may rely upon one party's evidence to supply missing proof in the other party's motion. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969).

In our review of the trial court's order, we take all evidence favorable to the losing party as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in favor of the losing party, and any reasonable doubt will be resolved in its favor. *Id.* When both parties file motions for summary judgment and one is granted and the other overruled, we determine on appeal all questions presented, including the propriety of the order overruling the losing party's motion. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). When a trial court's order does not state the grounds on which the summary judgment is granted, as is the case here, summary judgment must be affirmed if any of the grounds advanced in the motion are meritorious. *Ard v. Gemini Exploration Co.,* 894 S.W.2d 11, 13 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

### Discussion

By point of error three, Green contends that the trial court erred by granting Questor's motion for summary judgment and in denying Green's motion, because as a matter of law, Green was entitled to indemnification under paragraph 14.8 of the contract which provides in part:

Contractor's Indemnification of Operator: Contractor agrees to protect, defend, indemnify, and save **Operator, its officers, directors, employees** and **joint owners** harmless from and against all claims, demands, and causes of action of every kind and character.... (Emphasis added).

Although the indemnity paragraph does not purport to extend indemnity to the operator's agents or consultants, Green contends because consultants are within the definition of operator for "daywork basis" purposes, that Green has standing to claim that the indemnification paragraph inures to Green's benefit. Green bases the contention on the following:

... Operator (which term is deemed to include any employee, agent, consultant or subcontractor engaged by Operator)....

This language is only part of a sentence that is located within the second unnumbered provision. According to Green, this language is sufficient to extend the indemnity coverage expressly provided to the operator by paragraph 14.8, to Green, as an independent consultant of the operator. In considering this contention, we must review the entire paragraph from which the language is taken along with the remainder of the contract. However, by the first unnumbered provision Ken Petroleum engaged Questor to drill the well, the paragraph concluding "on a daywork basis." The words "daywork basis" are immediately followed by another unnumbered paragraph as follows:

For purposes hereof **the term "daywork basis" means** Contractor shall furnish equipment, labor, and perform services as herein provided, for a specified sum per day **under the direction,** supervision and control **of Operator** (which term is deemed to include an employee, agent, consultant or subcontractor engaged by Operator **to direct drilling operations**). When operating on a daywork basis, Contractor shall be fully paid at the applicable rates of payment and assumes only the obligations and liabilities stated herein. Except for such obligations and liabilities specifically assumed by Contractor, **Operator** shall be solely responsible and assumes liability for all consequences of operations by both parties while on a daywork basis, including results and all other risks or liabilities incurred in or incident to such operations. (Emphasis added).[4]

---

4. For other definitions of the term "operator" see Tex. Nat. Res.Code Ann. § 89.002 (Vernon

Because Green's contention (i) is prefaced by the language "For purposes hereof the term 'daywork' basis means," and (ii) is taken out of context with the entire paragraph, we disagree with Green's contention.

Indemnity agreements are to be strictly construed to give effect to the intent of the parties as expressed in the contract. *Ideal Lease Service v. Amoco Production Co.*, 662 S.W.2d 951, 953 (Tex.1983); *Ard v. Gemini Exploration Co.*, 894 S.W.2d 11, 14 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Furthermore, we are precluded from extending an indemnity paragraph to parties not specifically designated therein. *Id.* We must construe the indemnity paragraph to provide a common sense reading. *Kenneth H. Hughes Interests v. Westrup*, 879 S.W.2d 229, 232 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

Our primary concern in construing a contract is to give effect to the written expression of the parties' intent. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994). We are bound to consider the contract as a whole to ascertain the agreement of the parties and give effect to each part. *Id.* Moreover, specific language in a contract controls over general terms, *O'Connor v. O'Connor*, 694 S.W.2d 152, 155 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), and no single phrase, sentence or section of a contract should be isolated from its surroundings and considered apart from other provisions. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex.1995); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex.1994).

Green insists that Questor is obligated to indemnify Green under paragraph 14.8 of the drilling contract; that the two provisions under consideration are not mutually exclusive; and that Questor not only owes indemnity to the operator as defined in the unnumbered provision (*i.e.*, employee, agent, consultant or subcontractor), but also to the operator's officers, directors, employees and joint owners as enumerated in paragraph 14.8. Additionally, Green declares that excluding Green from the indemnity paragraph would ignore

the rule of contract interpretation that the entire contract be considered in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

A common sense reading of the entire drilling contract clearly manifests the intention of the parties. An examination of the entire unnumbered provision reveals that the definition of the term "operator" as defined therein was intended to designate who had authority to give instructions to the contractor while drilling on a daywork basis. Although omitted by Green in argument, the "daywork basis" provision begins by stating that, "For purposes hereof the term 'daywork basis' means...." The term "operator" in that provision identifies the parties authorized to direct and supervise the contractor's drilling operations while drilling on a daywork basis. The paragraph does not make any reference to the indemnity provision and does not provide that the term "operator" includes a consultant for all purposes.

The daywork basis provision and the indemnity paragraph serve different purposes. *Cf. Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex.1983). As previously noted, the first provision limits the term "operator," including employee, agent, consultant or subcontractor, as related to daywork basis. However, paragraph 14.8 lists only those parties that are to be indemnified by the contractor. Green does not contend that the contract is ambiguous or that the term "consultant" was omitted by fraud, accident or mistake. The exclusion of Green, an independent consultant, from indemnity coverage does not disregard the rule of contract interpretation that a written instrument should be considered in its entirety in an effort to harmonize and give meaning to all provisions. Neither provision here becomes meaningless simply by limiting its application.

1993 and Supp.1997) and Tex. Bus. & Com.Code Ann. § 9.319(q)(4) (Vernon 1991 and Supp. 1997).

Moreover, the terms of the contract require the Operator to be solely responsible for all consequences of operations "except for such obligations and liabilities **specifically assumed by Contractor.**" (Emphasis added). In the indemnity paragraph, Questor agreed to indemnify only Ken Petroleum, its officers, directors, employees and joint owners. Questor did not agree to indemnify any other parties.

Paragraph 14.8 specifically provides that the contractor will indemnify the operator, its officers, directors, employees and joint owners. Green's insistence that Green's consultant status entitles Green to indemnity extends beyond the scope of the coverage expressly stated. We are precluded from expanding coverage based solely upon Green's perception of what Ken Petroleum and Questor intended.

■ Additionally, terms in a contract must be given their plain, ordinary, and generally accepted meaning unless the contract shows otherwise. *Phillips Petroleum Co. v. Gillman,* 593 S.W.2d 152, 154 (Tex.Civ. App.—Amarillo 1980, writ ref'd n.r.e.). The maxim *expressio unius est exclusio alterius,* meaning the expression of one thing is the exclusion of another thing, prohibits us from including "consultant" in the indemnity paragraph. *CKB & Assoc. v. Moore McCormack Petroleum,* 734 S.W.2d 653 (Tex.1987).

Green also maintains that the parties to the contract, Ken Petroleum and Questor, intended to indemnify him as a third party beneficiary because he was a consultant hired by the operator. We disagree.

■ In determining if a third party may enforce a contract, the intention of the parties to the contract is controlling. *Corpus Christi Bank and Trust v. Smith,* 525 S.W.2d 501, 503 (Tex.1975). To determine the intention, we begin with the presumption that parties contract for themselves. A contract will not be construed as having been made for the benefit of a third party unless it clearly appears that this was the intention of the parties. *Id.* A third party is entitled to recover on a contract only if the contract was entered into for the third party's benefit. *Dairyland County Mutual Ins. Co. of Texas*

*v. Childress,* 650 S.W.2d 770, 775 (Tex.1983); *Economy Forms v. Williams Bros. Const.,* 754 S.W.2d 451, 455 (Tex.App.—Houston [14th Dist.] 1988, no writ). A third party beneficiary's claim fails when reasonable doubt exists as to an intention by the contracting parties to confer a direct benefit. *Multi–Moto v. ITT Commercial Finance,* 806 S.W.2d 560, 569 (Tex.App.—Dallas 1990, writ denied).

■ Green's contention that he is a third party beneficiary to the contract between the operator and contractor fails for two reasons. First, the express language of the contract specifies that it is a two-party contract. The last sentence of the second unnumbered provision states, "Except for such obligations and liabilities specifically assumed by Contractor, Operator shall be solely responsible for all consequences of operations by both parties while on a daywork basis . . . ." (Emphasis added).

■ Second, because (1) a third party beneficiary contract cannot be created by implication, *see MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 12 (Tex.App.—Dallas 1988, writ denied), and (2) a third party beneficiary obligation must be clearly and fully spelled out to be enforceable, *id.,* the language in paragraph 14.8 makes it apparent that Questor only intended to indemnify Ken Petroleum, its officers, directors, employees and joint owners. Therefore, because the drilling contract under review is silent as to third party beneficiaries, we reject Green's contention.

Utilizing the applicable standard of review, we conclude that the trial court did not err in granting Questor's motion for summary judgment. Green's third point of error is overruled, and pretermits a discussion of the remaining points of error. Tex.R.App. P. 90(a).

Accordingly, we affirm the judgment of the trial court.