**Sherry MESSMER, Appellant,**

v.

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellee.**

No. 13–96–276–CV.

Court of Appeals of Texas, Corpus Christi.

April 9, 1998.

R.W. Armstrong, R.W. Armstrong & Associates, Brownsville, for appellant.

Roger W. Hughes, Craig H. Vittitoe, Adams & Graham, Harlingen, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Sherry Messmer, sued appellee, State Farm County Mutual Insurance Co. of Texas, for breach of contract and bad faith for refusing to settle an uninsured/underinsured motorist policy claim. Messmer subsequently moved to non-suit her uninsured/underinsured motorist contract claim. The trial court granted the non-suit and dismissed, without prejudice, Messmer's contractual and extracontractual claim for bad faith. By a single point of error, Messmer contends the trial court abused its discretion by dismissing her bad faith claim because it had been previously severed. We affirm.

In 1992, Messmer purchased an uninsured/underinsured motorist insurance policy from State Farm. In 1993, Messmer was involved in a traffic accident with an uninsured motorist. In July 1994, Messmer sued State Farm because State Farm allegedly delayed settling Messmer's claim. On September 20, 1994, the trial court signed an order which "severed" the extracontractual claim for bad faith from the uninsured/underinsured motorist contract claim "for purposes of trial; such that the [contract] claim will go to trial initially." No separate cause number was created for the bad faith claim.

By agreement of the parties, the case was set for trial on April 3, 1995. On March 29, 1995, Messmer moved for, and was granted, a continuance to depose an expert, and the trial was reset for May 22, 1995. On May 22nd, the parties appeared and announced ready. However, the court did not reach the case, and it was continued until September 14, 1995. On September 14th, Messmer again moved for a continuance, claiming she needed to undergo additional medical tests. The motion was granted over State Farm's objections, and the case was reset for April 8, 1996.

On April 8th, Messmer's counsel appeared for trial and requested another continuance. Counsel informed the trial court that he was set for trial in another court, that the other case was first on the docket, and that the other case was unlikely to settle. The trial court put the matter on hold for one hour to allow counsel to appear in the other court. Counsel later returned and announced that the other case had settled after all. Reluctantly, counsel announced "ready." Both parties agreed and advised the trial court that the trial would last one day. A jury was selected and evidence concerning the contract claim only was scheduled to begin the next morning.

On the morning of April 9th, Messmer announced her desire to non-suit her contract claim. The trial judge informed Messmer that claims cannot be selectively non-suited. Either there would be no non-suit, or the entire case would be dismissed. Messmer insisted on non-suiting one of her two claims. The trial judge then dismissed the entire case, without prejudice, and this appeal followed.

By her sole point of error, Messmer contends the trial court's order of September 20, 1994, severed and abated her bad faith claim, thus creating two separate suits. Messmer argues that voluntarily dismissing her contract claim should not have resulted in the dismissal of her bad faith claim.

State Farm contends that the trial court's order separated Messmer's causes of actions for trial but did not effect a severance. Thus, State Farm argues, when Messmer moved for a non-suit, the trial court properly dismissed all of her claims.

The trial court's order of September 20, 1994, states as follows:

On this day came the Court after hearing and in consideration of the motion for severance and abatement filed by Defendant, STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS. The Court finds the motion to be meritorious.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED by the Court that Plaintiff's claims and causes of action seeking extracontractual recovery for breach of the implied covenant of good faith and fair dealing (as opposed to the uninsured/underinsured motorist contract claim) is hereby severed from the uninsured/underinsured motorist claim for purposes of trial; such that the

uninsured/underinsured motorist claim will go to trial initially.

Additionally, it is ORDERED by the court that discovery shall continue as to all claims before the court with the parties protected by the appropriate objections that the Court may address as necessary.

Messmer's counsel informed the trial court that he interpreted this order as severing the extracontractual bad faith claim from the contract claim. The trial judge, however, stated that he had not ordered a severance, but a division of the claims for separate trials. The order was intended to divide the causes of action because the outcome of the contract claim would bear on the bad faith claim, possibly disposing of it entirely. The trial judge noted that separate cause numbers had not been ordered. He also warned Messmer,

> [T]here is [sic] not any provisions to non-suit a part of the case, and ... if you move for non-suit, I am going to throw the whole case out.... This is simply a division of causes where one sort of builds on the other, and ruling one way disposes of the others, and ruling the other way makes the other one viable.... We are not going to have a pending case.

Messmer acknowledged understanding the trial court's rationale but persisted in demanding a non-suit. The trial court granted the non-suit and dismissed both the contractual and extracontractual claims. The Order Sustaining Non-suit was signed on April 15, 1996.

Messmer argues that, in spite of the trial court's clarification of its September 20, 1994 order, the order is clearly one for severance and abatement of the extracontractual cause of action and creates two independent suits; it does not merely order separate trials of the causes of action. Because there is no basis in statute or common law for a judge to implicitly rescind a severance order or reconsolidate severed cases before ruling on a motion for non-suit in one action, Messmer contends the trial judge abused his discretion by doing so.

We will first examine the trial court's September 20, 1994 order and determine wheth-

er it is an order for severance or an order for separate trials.

■ Rule 41 governs severance of causes. Tex.R. Civ. P. 41. Rule 174 provides for dividing causes of action for separate trials. Tex.R. Civ. P. 174(b). The language of each rule is permissive, not mandatory. *See* Tex.R. Civ. P. 41, 174(b) (both using permissive "may" rather than mandatory "shall"); *see also Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956) (orig.proceeding) (defining "may" as permissive word). A trial court has broad discretion to grant or refuse motions for severance or separate trial. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Womack*, 291 S.W.2d at 683 (court's action on request for separate trial will not be disturbed absent an abuse of discretion); *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex.App.—Corpus Christi 1993, no writ) (affirming trial court's refusal to sever claims as defendant could not prove need for severance).

■ Because the record does not contain State Farm's Motion for Severance and Abatement, we cannot determine whether State Farm actually sought a severance or separate trials. It is the substance of the motion that determines the nature of the pleading, not the title given to it. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see* Tex.R. Civ. P. 71; *City of Austin v. Hall*, 446 S.W.2d 330, 343 (Tex.Civ.App.—Austin 1969) (Hughes, J., concurring) (pointing out body of appellee's motion invoked Rule 174(b) and expressly sought separate trials), *dism'd per curiam*, 450 S.W.2d 836 (Tex.1970). We cannot, therefore, regard the order's reference to the title of State Farm's motion as a guide to the meaning of the order's language, other than to note that the record contains no objections by State Farm to the trial court's order. We presume State Farm was satisfied with it.

■ The use of the word "sever" is not dispositive because the terms "sever" and "separate" are commonly confused. *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970); *Kansas Univ. Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (Tex.

1961). We note that the claims were severed "for purposes of trial" and that the contract claim would be heard first. The "for purposes of trial" language and order of hearing strongly suggest that the trial court wanted to hear the causes of action in separate trials and not as independent suits.

We also note that the order does not abate the extracontractual claim. An abatement is a present suspension of all proceedings in a suit. *See Lumbermens Mut. Cas. Co. v. Garza,* 777 S.W.2d 198, 199 (Tex. App.—Corpus Christi 1989, orig. proceeding). Abatement of an action prohibits the court and the parties from proceeding in any manner until the case has been ordered reinstated. *See id.*

The trial court's September 20, 1994 order did not suspend all proceedings in the suit. The parties were ordered to continue discovery on all claims.[1] At the time of the order, only the contract claim and the bad faith claim were before the court, so the mandate to continue discovery on both causes further supports an interpretation that the court ordered separate trials, not severance. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, no writ) (abatement of bad faith claims must necessarily accompany severance of those claims from the contract claim, otherwise parties will be put to effort and expense of conducting discovery and preparing for trial on claims that may be disposed of in previous trial).

In addition, other factors lead us to conclude that the trial court's September 20, 1994 order established separate trials for Messmer's causes of action and not a severance. We find the language of the trial court's order to be similar to the order in *McKellar v. Bracewell,* 437 S.W.2d 319 (Tex. Civ.App.—Houston [1st Dist.] 1969, writ ref'd). The *McKellar* order expressly stated that it was being made pursuant to Rule 174 of the Texas Rules of Civil Procedure. *Id.* at 319. The *McKellar* trial court found the claims "should be severed for purposes of separate trials" and directed which issues would be heard in the first trial. *Id.* The

order did not provide that the judgment in the first trial would be final or dispose of the plaintiff's entire case. *Id.* The court of appeals determined that despite the use of the term "severed" the pre-trial order only separated the claims. *See id.*

A very differently worded order was presented in *McGill v. Johnson,* 775 S.W.2d 826 (Tex.App.—Austin 1989), *modified on other grounds,* 799 S.W.2d 673 (Tex.1990). In *McGill,* the appellants contended that the causes had not been severed because no separate docket number had been assigned. *McGill,* 775 S.W.2d at 828. However, the appellate court noted that the language of the order clearly severed the issues from other causes of action, established that judgment would be final and separate from all other causes of action, and ordered the clerk of the court to docket the severed matters separately. *Id.* at 828–29. Although the appellate record did not show that the clerk actually docketed the severed issues under a separate cause number, the court of appeals held that the severance was nonetheless clear and effective. *Id.* at 829.

The trial court's September 20, 1994 order does not order assignment of a new cause number, and no new cause number was ever created. The order does not provide that judgment on the contract claim would be final and does not declare that the contract and bad faith claims are separate for all purposes. After comparing the language of the orders in *McKellar* and *McGill* with that of the instant order, we believe the order in this case was intended to produce separate trials, not a severance of causes.

Finally, when Messmer moved for a nonsuit, the trial judge made it clear that Messmer's interpretation of the order as one of severance was erroneous and explained the order's effect. Messmer presents us with neither authority nor argument to show why we should not defer to the trial court's clarification of its own order. The court in *Guagnini v. Prudential Securities,* in its discussion of an ambiguous order for either severance or separate trials, inferred that a

---

1. The record reflects a number of requests to compel discovery, but the state of the record is

such that we cannot determine which causes of action the motions relate to.

clarification of the order by the issuing judge would have had significant weight in the court's determination of the order's correct interpretation. 872 F.Supp. 361, 364 (W.D.Tex.1994). In light of our preceding analysis and the trial court's own clarification, we conclude that the trial court ordered separate trials for Messmer's causes of action and not a severance.

An order for separate trials leaves the lawsuit with all its issues intact even though they will be resolved at different times. *Hall,* 450 S.W.2d at 838. The effect of a non-suit is dismissal of the entire suit. *Alvarado v. Hyundai Motor Co.,* 885 S.W.2d 167, 174 (Tex.App.—San Antonio 1994), *reversed on other grounds,* 892 S.W.2d 853 (Tex.1995); *Merrill Lynch Relocation Management, Inc. v. Powell,* 824 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *see* TEX.R. CIV. P. 162; 5 MC-DONALD TEXAS CIVIL PRACTICE § 27:37 (1992). It is not an appropriate means of discontinuing proceedings only on certain issues. *See* 5 MCDONALD TEXAS CIVIL PRACTICE § 27:37. A party wishing to exclude certain issues in his suit from trial without terminating the entire suit should abandon those claims. *See id.* § 27.38 (emphasis added); *see also* TEX.R. CIV. P. 165; *Matter of R.G., Jr.,* 865 S.W.2d 504, 508 (Tex.App.—Corpus Christi 1993, no writ) (Rule 162 permits dismissal of entire suit but particular claims may be abandoned before trial of cause in accordance with Rule 165). The plaintiff's right to a non-suit is absolute and the trial judge has no discretion to refuse to grant a dismissal. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982); *Zimmerman v. Ottis,* 941 S.W.2d 259, 261 (Tex.App.—Corpus Christi 1996, no writ); *but see Hartnett v. Adams & Holmes Mort. Co., Inc.,* 539 S.W.2d 181, 184 (Tex.Civ. App.—Texarkana 1976, no writ) (affirming judge's refusal to grant partial non-suit as pleadings showed only single cause of action which cannot be split and tried piecemeal).

The trial judge properly warned Messmer that a non-suit cannot be used to dismiss claims piecemeal and that the consequences of a grant of non-suit would be dismissal of her entire suit. The trial judge pointed out to Messmer that a non-suit could be taken against one party, thereby dismissing all claims as to that party, yet keep the lawsuit viable. *See Briggs v. Freeway Park Dev.Co.,* 366 S.W.2d 270, 272 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.) (appellant achieved partial non-suit of issues by non-suiting a party, leaving only plaintiff and one defendant to proceed on remaining issues); *see also* TEX.R. CIV. P. 162. That was not an option in this suit because there were only two parties. Messmer acknowledged the warning, refused to accept that her causes of action were not severed, and pressed for a non-suit, which the trial court properly granted without prejudice. *Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 806 (Tex. 1993) (orig.proceeding) (subject to certain conditions, plaintiff may file subsequent action seeking same relief); *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.1962) (orig.proceeding) (dismissal upon motion for non-suit does not adjudicate merits of case but merely places parties in position they were in before the action was brought).

We find that Messmer exercised her absolute right to move for non-suit, despite being informed of the consequences. We hold the trial court did not abuse its discretion in granting Messmer's request. We overrule Messmer's sole point of error.

We affirm the trial court's order sustaining non-suit.