

# NUMBER 13-22-00483-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LETICIA GUERRERO GARZA, ADMINISTRATOR OF THE ESTATE OF JORGE LUIS GARZA, DECEASED

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa[1]**

By petition for writ of mandamus, relator Leticia Guerrero Garza, administrator of the estate of Jorge Luis Garza, deceased, contends that the trial court abused its discretion: (1) when it refused to sign the parties' proposed order granting nonsuit or

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

otherwise refused to issue an order granting nonsuit, and (2) by refusing to dismiss the underlying cause because the Hidalgo County Probate Court possesses exclusive jurisdiction over the relief requested in the underlying proceeding.[2] We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

The underlying proceeding is a suit affecting the parent-child relationship. On January 21, 2020, Jorge Luis Garza, the father of minor child, J.D.G., filed an "Original Petition in Suit Affecting the Parent-Child Relationship" against the real party in interest, Maria Guadalupe Montes a/k/a Daniela Montes, the child's mother. Garza requested that the parents of the child be named joint managing conservators and requested the entry of orders pertaining to child support and possession. According to the petition, Garza was "already married," thus the couple had cohabitated but had never married.

Montes filed an answer, an "Original Counterpetition in Suit Affecting the Parent-Child Relationship," and an application for a protective order. Montes sought to be named the child's sole managing conservator and requested that Garza be ordered to pay child support and medical and dental support. Montes's application for protective order stated that her "former [fiancé]" Garza had committed multiple acts of family violence. Montes alleged, among other things, that Garza, "while under the influence of illegal narcotics and alcohol," threatened to kill her and her children.

Subsequently, on March 31, 2020, Garza and Montes filed a "Joint Notice of

---

[2] This original proceeding arises from trial court cause number 2020-DCL-00318 in the 444th District Court of Cameron County, Texas, and the respondent is the Honorable Leonel Alejandro, sitting by assignment. *See* TEX. R. APP. P. 52.2.

Nonsuit." The joint notice was signed by both parties' attorneys and Garza and Montes individually. The joint notice stated, in its entirety, that, "This Joint Notice of Nonsuit is brought by both parties, [Garza and Montes], who show in support: The parties no longer desire to prosecute this suit against each other specifically, as to all pending motions." That same day, the parties filed a proposed "Order Granting Nonsuit" which provides in relevant part that the parties "are released from all claims brought in this case" by either party and "the case is DISMISSED without prejudice against [Garza] or [Montes] to bring the claim again." The trial court did not sign the proposed order granting the nonsuit.

Thereafter, on November 19, 2020, Montes filed a "Motion to Enter Temporary Orders." The motion addressed the history of the case as follows:

> This case originated with [Garza] bringing suit to establish visitation and child support of his minor child subject of this suit. [Montes] filed an answer and counterpetition including a request for a protective order and drug screening. The parties appeared at a hearing and agreed to temporary orders. The protective order was not heard at the time. Although the temporary orders were agreed to and ordered by the court on the record, this Honorable Court never actually signed them. The parties later agreed to nonsuit the "pending motions" which included the protective order and drug screening as they had reconciled.
>
> Since the date of the nonsuit of pending motions, the temporary orders although drafted were never actually entered. [Garza] has died and the child is not receiving any child support at this time from the estate of [Garza]. [Montes] now comes and requests that the temporary orders as to child support be entered in order to make the claim to the estate of [Garza] to pay during the pendency of the administration and final claim be paid by the estate.

The motion recited that Montes's counsel had served the motion on a representative of the estate.[3] That same day, Montes filed a suggestion of death for Garza stating that he

---

[3] In the pleadings below, Montes asserts that she had filed a motion requesting drug screening; however, that request is not apparent in the record before us. Further, the record lacks a reporter's record

passed away on August 18, 2020.

On December 17, 2020, the trial court signed temporary orders which appear to have been based on a hearing held on February 10, 2020. The signed order states, *inter alia*, that the parties appeared in person and by counsel, and that the parties had agreed to the terms of the order "as evidenced by the signatures below." However, the order is not signed by either party and its terms do not acknowledge Garza's intervening death.

On January 15, 2021, relator filed a motion to vacate the December 17, 2020 temporary orders. Relator asserted that: (1) the trial court lacked jurisdiction because Garza and Montes had filed the joint motion for nonsuit, which nonsuited the matters at issue; (2) the temporary orders should be vacated because they were issued without supporting evidence or party agreement; and (3) the temporary orders should be vacated because they were issued without proper notice to the estate and the estate had not been served when "any hearing" on the temporary orders was held.

Subsequently, on June 23, 2021, the trial court signed an agreed order vacating the temporary orders.

On or about August 30, 2021, Montes filed a "First Amended Suit Affecting Parent[-]Child Relationship and to [Accelerate] Child/Medical Support and to Confirm Child Support Arrearages" against relator. On December 8, 2021, relator filed her original answer to Montes's first amended petition. On December 10, 2021, relator further filed a

---

regarding the alleged hearing on temporary orders. We note that the docket sheet indicates that a hearing was held on February 10, 2020, attended by counsel and parties, and an "agreement [was] put on record as specified." The docket sheet entry states that: "Visitation 1st, 3rd & 5th Sat - Sun 4 hours & to be supervised from noon to 4:00 p.m. Mutual Protective Order, Joint hair follicle each to pay their own. Atty's fees to be carried over. No phone calls to each other or family members. Temporary Order due w/21 days. Final set for 5/18/20."

4

plea to the jurisdiction. Relator asserted that the Hidalgo County Probate Court, which was currently probating Garza's estate, had exclusive jurisdiction over Montes's claims. According to relator, the trial court lacked jurisdiction because the trial court had not rendered a final order under family code § 155.001(a) which would have provided the trial court with "continuing, exclusive jurisdiction," and because there was no judicially imposed child support obligation, § 154.015, concerning proceedings following the death of a child support obligor, was inapplicable. *See* TEX. FAM. CODE ANN. § 155.001(a) ("Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order."); *id.* § 154.015 (governing the acceleration of an unpaid child support obligation owed by a decedent). On September 30, 2022, the trial court denied relator's plea to the jurisdiction.

This original proceeding ensued on October 12, 2022. This Court granted relator's motion for emergency temporary relief and ordered the trial court proceedings to be stayed pending further order of this Court, or until this case is finally decided. *See* TEX. R. APP. P. 52.10(b). The Court requested that Montes, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of the order. *See id.* R. 52.2, 52.4, 52.8. Nevertheless, Montes did not file a response to the petition for writ of mandamus.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836,

5

840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    NONSUIT

In her first issue, relator alleges that the trial court erred by continuing to exercise jurisdiction over the case after the parties had filed a nonsuit. Rule 162 of the Texas Rules of Civil Procedure provides that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162; *see Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (per curiam). A nonsuit does "not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief," "excuse the payment of all costs taxed by the clerk," and has "no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." TEX. R. CIV. P. 162; *see Rogers v. Bagley*, 623 S.W.3d 343, 357 (Tex. 2021), *cert. denied*, 142 S. Ct. 774 (2022).

"A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters

6

remain." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam). A "nonsuit *extinguishes a case or controversy* from the moment the motion is filed." *Morath*, 601 S.W.3d at 788 (quoting *Estate of Blackmon*, 195 S.W.3d at 100 (emphasis added)). "An order signed by the trial court is not required." *Aaron v. Fisher*, 645 S.W.3d 299, 310 (Tex. App.—Eastland 2022, no pet.); *see Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *Travelers Ins. Co.*, 315 S.W.3d at 862. A nonsuit renders the merits of the nonsuited case moot. *Morath*, 601 S.W.3d at 788; *Travelers Ins. Co.*, 315 S.W.3d at 862–63; *Villafani*, 251 S.W.3d at 469. A party may resurrect a claim that has been dismissed by nonsuit, as long as the trial court has plenary power, through various means such as filing a motion for new trial, filing a motion to reinstate or withdraw the nonsuit, by agreement of the parties, or by commencing another action de novo. *See Trigg ex rel. Trigg v. Moore*, 335 S.W.3d 243, 246 (Tex. App.—Amarillo 2010, pet. denied) (explaining that recognition of unqualified right of party to withdraw its nonsuit "could render legal proceedings farcical"); *see also Lawson v. Morrison*, No. 03-19-00301-CV, 2021 WL 1933958, at *2 (Tex. App.— Austin May 14, 2021, no pet.) (mem. op.). The determination whether to grant reinstatement following a nonsuit rests within the discretion of the trial court. *Trigg*, 335 S.W.3d at 246.

Here, the parties filed their joint notice of nonsuit on March 31, 2020. The joint notice recites that "the parties no longer desire to prosecute this suit against each other

7

specifically, as to all pending motions." In the trial court, in her "Motion to Enter Temporary Orders," Montes took the position that the foregoing language indicated an intent to nonsuit her motion for protective order and motion regarding drug testing, but not the entirety of the case. At this point in the litigation, because Montes failed to file a response to the petition, we do not have the benefit of argument or authority in support of that construction.

Viewing the language of the nonsuit in conjunction with the parties' proposed order granting nonsuit, which releases Garza and Montes "from all claims brought in this case" and orders that "the case is DISMISSED without prejudice," we conclude that the nonsuit encompassed the entirety of the case. *See Rieder v. Woods*, 603 S.W.3d 86, 94 (Tex. 2020) (discussing the construction of multiple documents as part of a unified transaction). Further, we have previously rejected the proposition that a nonsuit may be used as a means for dismissing claims in a piecemeal fashion. *Messmer v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 972 S.W.2d 774, 779 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.). In *Messmer*, a plaintiff sued her insurance provider for breach of the insurance policy and for bad faith. *Id.* at 776. She later attempted to nonsuit her breach of contract claim alone, but the trial court dismissed the entire case. *Id.* On appeal, we concluded that a nonsuit "is not an appropriate means of discontinuing proceedings only on certain issues." *Id.* at 779. Instead, "[a] party wishing to exclude certain issues in his suit from trial without terminating the entire suit should abandon those claims." *Id.*; *see* TEX. R. CIV. P. 165 ("A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein

8

were not tried."); *see also C/S Sols., Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 307 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (concluding that the abandonment of a claim is not governed by Rule 162 pertaining to nonsuits). After considering that the trial court had "properly" warned the plaintiff that a nonsuit could not be used to dismiss her claims in a piecemeal fashion "and that the consequences of a nonsuit would be dismissal of the entire suit," we affirmed the trial court's order nonsuiting the case. *See Messmer*, 972 S.W.2d at 779.

Based on the foregoing, the underlying lawsuit was extinguished when Garza and Montes filed the notice of nonsuit. *See Morath*, 601 S.W.3d at 788; *Estate of Blackmon*, 195 S.W.3d at 100. Montes was required to take some action to revive her previously nonsuited claims before the trial court could act on her motion to enter temporary orders or her first amended petition against relator. In this regard, Montes could have filed a motion for reinstatement or for a new trial. *See, e.g., Trigg*, 335 S.W.3d at 246; *see also DHJB Dev., LLC v. Graham*, No. 03-18-00340-CV, 2018 WL 5814119, at *3 (Tex. App.— Austin Nov. 7, 2018, no pet.) (mem. op.) (collecting authorities). She did not, and accordingly, the trial court lacked discretion to refuse to enter an order of nonsuit. *See Travelers Ins. Co.*, 315 S.W.3d at 862; *Villafani*, 251 S.W.3d at 468–69. And, under the facts of this case, relator has no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138; *In re Riggs*, 315 S.W.3d 613, 616 (Tex. App.—Fort Worth 2010, orig. proceeding). We sustain relator's first issue.

Relator suggests that the Court has discretion to address its second issue pertaining to jurisdiction "irrespective of whether or not it would independently provide a

basis for mandamus relief," and doing so would be "in the interest of judicial economy." We disagree. A jurisdictional analysis would offer no different or greater relief and would bely our analysis regarding the nonsuit. Thus, having sustained relator's first issue, we need not address relator's second issue. *See* TEX. R. APP. P. 47.4.

## IV. CONCLUSION

This Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has met her burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate any and all orders issued after the parties filed the notice of nonsuit and to enter an order of nonsuit. *See id.* R. 52.8(a), (d). In so ruling, we caution the parties that we express no opinion as to the merits of the claims made in the underlying lawsuit.

LETICIA HINOJOSA
Justice

Delivered and filed on the
18th day of November, 2022.

10