

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00210-CV

IN THE INTEREST OF E.E., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 091880-E-FM, Honorable Carry Baker, Presiding

September 27, 2023

## OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Father of eight-year-old EE appeals from the trial court's order terminating his parental rights.[1]  He asserts four issues for review.  We affirm.

***Background***

The Texas Department of Family and Protective Services initially removed EE from his father's care in 2018.  This occurred after it was discovered he smoked methamphetamine in a gas station bathroom in EE's presence.  That resulted in him being charged with child endangerment and possessing a controlled substance.  Upon admitting to the crime, the court deferred his adjudication of guilt and placed him on

---

[1] Mother's parental rights were also terminated in the underlying proceeding.  She is not a party to this appeal.

community supervision. Effort was also made to terminate his parental rights. Regarding the latter, the trial court entered an order stating it "denies the Department's request for termination." Accompanying that was the further statement specifying that "the termination pleadings are non-suited without prejudice for the Department to re-file the termination at a later date." Yet, the child was not returned to father. Instead, the court appointed the Department as EE's permanent managing conservator, resulting in the child being placed in foster care.

About two years later, the Department again petitioned to terminate father's parental rights. The trial court heard the petition in April 2023. Admitted at the hearing was evidence of the aforementioned criminal acts of father, a pending motion to revoke his community supervision due to his alleged commission of theft, an expanse of time during which father neglected to contact EE, the Department's inability to contact father despite numerous attempts at same, father being the victim of domestic violence, and father's general failure to complete court-ordered services required of him. The trial court found that the evidence established various statutory grounds upon which to end father's parental rights; they included the grounds mentioned in §§ 161.001(b)(1)(E), (L), and (O) of the Family Code. It also found that termination favored the child's best interest. So, an order terminating the parental relationship was signed on May 22, 2023.

### Issue Four—Jurisdiction

We begin first addressing father's last issue. It involves a challenge to the trial court's jurisdiction to render the order of termination. Allegedly, the court lost jurisdiction by failing to not begin the final hearing within the deadlines prescribed in § 263.401 of the Texas Family Code. We overrule the issue.

Section 263.401 pronounces the time within which a termination must be commenced when "the date the court rendered a temporary order appointing the department as ***temporary managing conservator*** . . . ." TEX. FAM. CODE ANN. § 263.401(a) (emphasis added). It says nothing of a situation where the Department holds the position of a permanent managing conservator. Nor did father cite us to any authority applying the time period mentioned in that statute to a permanent managing conservator. Our duty being to apply statutes as written, *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 387 (Tex. 2016), means we must read § 263.401 as excluding circumstances where the Department acts as the child's permanent managing conservator. Thus, the several year delay between appointment of the Department as EE's permanent managing conservator and termination of father's parental rights did not result in the trial court losing jurisdiction to act.

### Sufficiency of the Evidence

The remaining issues of father concern the sufficiency of the evidence. In short, father believes that neither legally nor factually sufficient evidence supported the trial court's findings that he violated various of the statutory grounds permitting termination.[2] Again, those grounds were §§ 161.001(b)(1)(E), (L), and (O) of the Texas Family Code. And, if any one of them was established, we must affirm the trial court's decision. *See In re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019) (explaining that only one predicate ground

---

[2] Father does not challenge the trial court's best-interest finding and thus, has conceded that the evidence presented below was sufficient to support it. *In re R.A.W.*, No. 07-13-00316-CV, 2015 Tex. App. LEXIS 3039, at *17 (Tex. App.—Amarillo March 27, 2015, no pet.) (mem. op.) (unchallenged findings are binding on the appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding).

is necessary to support termination of parental rights when there also is best interest finding).  We begin with § 161.001(b)(1)(E).

The standard of review when assessing the legal and factual sufficiency of the evidence was most recently explained in *In re J.F.-G.*, 627 S.W.3d 304, 311-12 (Tex. 2021); *see also In re E.G.*, No. 07-23-00197-CV, 2023 Tex. App. LEXIS 6082, at *6 (Tex. App.—Amarillo Aug. 10, 2023, no pet. h.) (mem. op.).  We apply it here.

Per § 161.001(b)(1)(E), termination may occur when clear and convincing evidence shows that the parent engaged in conduct or knowingly placed the child with persons who engaged in conduct endangering the child's physical or emotional well-being.  TEX. FAM. CODE ANN. § 161.001(b)(1)(E); *In re M.L.*, No. 07-21-00160-CV, 2021 Tex. App. LEXIS 9781, at *8-9 (Tex. App.—Amarillo Dec. 8, 2021, no pet.) (mem. op.).  A parent's failure to complete court ordered services may be considered as such evidence.  *In re M.L.*, 2020 Tex. App. LEXIS 9483, at *12-13.  And, as previously mentioned, father neglected to complete his court ordered services.

Similarly, evidence of a parent's criminal conduct, convictions, or imprisonment is is evidence of endangerment.  *In re S.R.*, 452 S.W.3d 351, 360-61 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).  Here, father not only pleaded guilty to illegally possessing controlled substances but also ***to actually endangering EE***.  And, more importantly, outstanding arrest warrants pend against him as does a motion to revoke his earlier community supervision.  According to the State of Texas, he committed additional criminal acts warranting his incarceration for the earlier ones.

So too does conduct depicting the lack of stability in the home and the child's exposure to uncertainty endanger offspring.  *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied).  Father's inability to be found by or failure to remain

4

in contact with the Department, coupled with his non-existent communication with the child since 2021, depict such uncertainty and instability. Indeed, conduct of that ilk leaves one to guess at whether the parent will be or cares to be part of the child's life.

In short, the trial court was free to add together all the foregoing when considering whether the Department proved the elements of § 161.001(b)(1)(E). And, our adding it together leads us to conclude that the trial court had before it clear and convincing evidence establishing those elements. So, its finding of the same has both legally and factually sufficient evidentiary support.

In so holding, we do not ignore father's contention that the trial court could not use his 2018 criminal activity as a basis to terminate. His argument lies on the premise that "the Department could not rely on evidence that pre-dated the order denying termination in a subsequent termination proceeding when there were no findings made in the order as to Tex. Fam. Code Section 161.004."[3] The latter provides various conditions for terminating the parental relationship "after rendition of an order that previously denied

---

[3] Section 161.004 provides:

(a) The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if:

> (1) the petition under this section is filed after the date the order denying termination was rendered;

> (2) the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered;

> (3) the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered; and

> (4) termination is in the best interest of the child.

(b) At a hearing under this section, the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child.

5

termination . . . ." TEX. FAM. CODE ANN. § 161.004(a). The operative words in that sentence are "previously denied"; that is, the request for termination must have been denied.

Here, the trial court entered an order in 2020 stating that it "denies" the Department's first effort to terminate father's rights. That alone would seem to fall within the ambit of § 161.004(a). But, there was more. The court also explained: "the termination pleadings are non-suited without prejudice for the Department to re-file the termination at a later date." A nonsuit generally effectuates a dismissal, *see Messmer v. State Farm County Mut. Ins. Co.*, 972 S.W.2d 774, 779 (Tex. App.—Corpus Christi 1998, no pet.); *Merrill Lynch Relocation Management, Inc. v. Powell*, 824 S.W.2d 804, 806 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) *disapproved on other grounds*, *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495 (Tex. 1995), and returns the parties to the position held prior to suit. *Salinas v. Aguilar*, No. 04-11-00260-CV, 2012 Tex. App. LEXIS 1997 *3-4 (Tex. App.—San Antonio March 14, 2012, no pet.) (mem. op.). Simply put, a cause of action nonsuited without prejudice remains unadjudicated, and this result actually comports with the intent inherent in the trial court's iterating that the Department was free "to refile the termination at a later date." So, language that "denies" the claim but also nonsuits the cause without prejudice facially conflicts. In such situations, rules of construction obligate us to assign weight to the specific over the general. *See e.g.*, *Green v. Questor Drilling Corp.*, 946 S.W.2d 907, 910 (Tex. App.—Amarillo 1997, no pet.) (stating that "specific language in a contract controls over general terms"). Specifying that the claim is nonsuited without prejudice to refile it is the more specific description of the trial court's intent. Assigning it controlling significance means that the initial termination request was not denied for purposes of § 161.004(a). Rather, the trial court

6

left its adjudication for another day if the Department cared to resurrect it. And, the court having left it unadjudicated means father's argument lacks foundation.

Having found legally and factually sufficient evidence to support at least one statutory ground for termination, we need not address father's remaining issues. Thus, we affirm the trial court's order terminating his parental rights to EE.


Brian Quinn
Chief Justice