**Larry Bruce GREENBERG, Relator,**

v.

**Honorable Jack BROOKSHIRE, Judge, Respondent.**

No. C–1368.

Supreme Court of Texas.

Oct. 6, 1982.

Rehearing Denied Oct. 27, 1982.

Everett Lord, Beaumont, Griffin & Maida, Keith Griffin, Beaumont, for relator.

## PER CURIAM.

This is an original mandamus action in which Relator, Larry Bruce Greenberg, seeks an order directing Judge Jack Brookshire of the 58th District Court of Jefferson County to withdraw his order rendered after a hearing held on May 12, 1982.

On May 1, 1982, Larry Bruce Greenberg filed a motion for non-suit with the clerk of the court in which his divorce action was pending. On May 3, 1982, Barbara Jean Greenberg, Larry Bruce Greenberg's wife, filed a handwritten pro se counterclaim (denominated cross-action) seeking affirmative relief. On May 4, 1982, she, through an attorney, filed an amended pleading and requested a hearing for May 12, 1982.

Over Relator's objections, the judge proceeded with the hearing on May 12 and rendered an order which is the subject of this mandamus action. Since Larry Bruce Greenberg was entitled to the non-suit immediately upon its filing on May 1, the trial court should not have held the hearing. It follows that the judge erred in rendering an order pursuant thereto.

In *McQuillen v. Hughes,* 626 S.W.2d 495 (Tex.1981), the Court stated:

> In *State v. Gary,* 163 Tex. 565, 359 S.W.2d 456 (1962), we reaffirmed the holding in *Ex Parte Norton,* 118 Tex. 581, 17 S.W.2d 1041 (1929), that plaintiff has an absolute, unqualified right to take a non-suit upon timely motion as long as defendant has not made a claim for affirmative relief.

*Id.* at 496. This court has enunciated that rule on other occasions. *Renfroe*

v. Johnson, 142 Tex. 251, 177 S.W.2d 600, 602 (1944); Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22 (1931).

■ The granting of a non-suit is merely a ministerial act. A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief.

■ "The right to take a non-suit is governed by Rule 164." Corder v. Corder, 189 S.W.2d 100, 101 (Tex.Civ.App.—El Paso 1945, writ ref'd). The rule is plain. Kidd v. McCracken, 105 Tex. 383, 150 S.W. 885 (1912). Until 1975, Rule 164 represented a verbatim adoption of what had been Art. 2182[1] and its predecessors dating back to 1853. 1853 Tex.Gen.Laws, ch. 11, § 99, at 19; 3 H. GAMMEL, LAWS OF TEXAS 1303 (1898). See Historical Note, Tex.R. Civ.Pro.Ann. Rule 164 (Vernon 1979). In Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427 (1891), this Court construed a predecessor to Rule 164, stating:

> The right of a plaintiff to take a non-suit upon his own cause of action was considered of sufficient importance by the legislature to be given express recognition.... [I]t is important that the substance, and not the shadow alone, of the right shall be preserved.... It is only when the defendant, by a counter-claim, seeks some "affirmative relief," that the right of the plaintiff to discontinue the entire cause is forbidden.... The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action....

80 Tex. at 641, 16 S.W. at 428. The 1975 amendment to Rule 164 (effective January 1, 1976) did nothing but change the time when the plaintiff could take a non-suit. Rule 164 has never and does not now prescribe any procedure for the taking of a non-suit. Moreover, Rule 164 is "construed liberally in favor of the right" to non-suit. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727 (1947); Corder v. Corder, supra.

■ Any lower court opinions[2] that have imposed requirements other than the mere filing of the motion with the clerk or oral announcement in open court are now disapproved. Such opinions have construed Rule 164 in a manner that has led to confusion and rendered uncertain and precarious the right to non-suit, which is based upon the "compliance with terms which are clearly and plainly defined." Texas Electric Ry. v. Cox, 49 S.W.2d 725, 726 (Tex.Comm'n App. 1932, judgment adopted).

The rule enunciated here, however, should not be confused with the rule recognizing the power of a court to grant injunctive relief to prevent a multiplicity of groundless suits. Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600 (1944).

Pursuant to Rule 483, we conditionally grant the writ of mandamus without oral argument. If Judge Brookshire fails to withdraw the Order entered after the May 12 hearing, the writ will issue.

---

**1.** Statutory references are to Tex.Rev.Civ.Stat. Ann. (Vernon's 1964).

**2.** Cape Oil Co. v. Williams, 427 S.W.2d 122 (Tex.Civ.App.—Tyler 1968, no writ); Lovelace v. Shawhart, 283 S.W.2d 74 (Tex.Civ.App.—Amarillo, writ dism'd); Kelly v. W.C. Turnbow Petroleum Corp., 137 S.W.2d 216 (Tex.Civ.App.—Texarkana 1980, no writ); Towell v. Towell, 164 S.W. 23 (Tex.Civ.App.—Dallas 1914, no writ); United States Agencies v. Continental Casualty Co., 555 S.W.2d 192 (Tex.Civ.App.—Dallas 1977, no writ).