**R.B. ROBERSON, Appellant,**

v.

**George William ROLLINS et ux., Appellees.**

No. 11–85–328–CV.

Court of Appeals of Texas, Eastland.

May 15, 1986.

Rehearing Denied June 5, 1986.

Roland G. Brown, Law Offices of Roland G. Brown, Jacksonville, for appellant.

John Robert Adamson, Adamson & Phifer, Jacksonville, Robert A. Ray, Tyler, for appellees.

Opinion

RALEIGH BROWN, Justice.

This is an appeal from the denial of attorney's fees pursuant to a motion for sanctions. George William Rollins and wife, Laura, sued R.B. Roberson to establish limitation title to certain real property. Roberson answered and served interrogatories upon Rollins. The interrogatories were not answered. A motion for sanctions under TEX.R.CIV.P. 215 was filed. The Rollins took a non-suit, and Roberson's pending motion for sanctions was denied. We affirm.

■ The right to take a non-suit is governed by TEX.R.CIV.P. 164, and this rule is construed liberally in favor of the right to the non-suit. *Greenberg v. Brookshire*, 640 S.W.2d 870 (Tex.1982). Rule 164 generally authorizes a plaintiff to take a non-suit at any time before all of his evidence has been introduced, except he shall not prejudice the right of an adverse party to be heard on a claim for affirmative relief. The rule further provides that, "In the event a motion for sanctions is pending, ... the non-suit shall have no effect upon the liability for attorney fees, sanctions, or other costs."

■ Roberson, in two points of error, contends that the trial court erred in denying his motion for sanctions seeking attorney's fees because: (1) there was no evidence that Rollins' failure to respond to his interrogatories was substantially justified or that other circumstances made an award

of expenses unjust; and (2) the trial court abused its discretion in failing to require Rollins to pay the reasonable expenses, including attorney's fees, caused by his failure to answer the interrogatories.

Rule 215 provides in part:

1 b(3) if a party fails:

(b) to answer an interrogatory submitted under Rule 168;

\* \* \* \* \* \*

the discovering party may move for an order compelling ... answers ... or apply to the court in which the action is pending for the imposition of any sanction authorized by Paragraph 2b herein without the necessity of first having obtained a court order compelling such discovery.

\* \* \* \* \* \*

2 b  Sanctions by Court in Which Action is Pending.  If a party ... fails to comply with proper discovery requests or to obey an order to provide or permit discovery, ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(8) In lieu of any of the foregoing orders or in addition thereto, *the court shall require the party failing to obey the order or the attorney advising him, or both,* to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added)

Roberson argues that Subdivision (8) creates a mandatory award of reasonable expenses, including attorney's fees except in the two specified instances.  The subdivision does use the term "shall" in describing the action of the court.  However, the subdivision imposes such action only upon "the party failing to obey the order."  The language, "in lieu of any of the foregoing orders," can only refer to the sanctions designated (1) through (7) under 2 b in Rule 215.  Then, Subdivision (8) provides "in addition thereto" for the payment of reasonable expenses by "the party failing to obey the order."  Such language does not mandate the award of reasonable expenses and attorney fees where there has been no failure to obey an order, but only a failure to comply with proper discovery requests.  In the instant case, the record is void of any order having been entered by the court with reference to the interrogatories served upon Rollins.  Therefore, Rollins has not failed "to obey the order."  The trial court did not abuse its discretion in refusing to require Rollins to pay reasonable expenses including attorney's fees.

Our ruling on the second point of error makes it unnecessary to consider the first point of error.

The judgment is affirmed.