TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00327-CV






Astrid Wrynn White, Appellant



v.



Buddy Gerald White, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 97-11784, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






 Astrid Wrynn White appeals from the judgment of divorce that ended her marriage
to Buddy Gerald White. The disputed judgment followed the district court's "reinstatement" of
the divorce suit that Astrid had nonsuited. Astrid contends that the court had no authority or
jurisdiction to reinstate the suit following her nonsuit. We will affirm the judgment.

 Astrid filed for divorce on October 15, 1997. Buddy responded with a general
denial on October 31, 1997. He also requested attorney's fees and a confirmation of separate
property, but did not seek a divorce. According to the judgment, the parties had reached an
agreement to settle the property disputes on October 22, 1997. Astrid, however, filed a notice of
nonsuit on January 14, 1998, (1) thwarting implementation of the agreement. The court's docket
sheet contains the notation "Final Judgment Signed" on that date and Buddy attached a copy of
the clerk's postcard notice that such a judgment was signed, but the clerk's record does not contain
a final judgment signed in January 1998.

 Buddy filed an amended answer and counterpetition for divorce on January 26,
1998. On February 12, 1998, he filed a motion to reinstate, application for temporary injunction,
motion for specific performance of a Rule 11 agreement, motion to render and enter judgment on
the Rule 11 agreement, motion for sanctions, and motion for attorney's fees. The district court
"reinstated" the suit on March 5, 1998, and rendered judgment on April 16, 1998 awarding the
divorce and ordering the parties to specifically perform the Rule 11 agreement reached on October
22, 1997.

 Astrid raises two issues on appeal. She contends the district court lacked authority
to reinstate the divorce action after she filed her notice of nonsuit. She also contends that, even
if the court could at some time reinstate the action, the court had lost that ability by March 5, 1998
when it signed the order reinstating the case. She does not attack the judgment in any other way.

 Astrid is correct that the district court could not reinstate her claims against her will
after she filed her notice of nonsuit. A plaintiff may take a nonsuit in her case at any time before
she has introduced all of her non-rebuttal evidence. Tex. R. Civ. P. 162. Astrid undisputedly
filed her nonsuit within that limitation. "The granting of a non-suit is merely a ministerial act. 
A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is
made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative
relief." Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982). The district court could
not force her to litigate her claims against her will by reinstating the suit.

 We conclude, however, that the district court never lost power over the suit. The
rule allowing nonsuits provides as follows:


Any dismissal pursuant to this rule shall not prejudice the right of an adverse party
to be heard on a pending claim for affirmative relief . . . . A dismissal under this
rule shall have no effect on any motion for sanctions, attorney's fees or other costs,
pending at the time of dismissal, as determined by the court.


Tex. R. Civ. P. 162. In his original answer, filed October 31, 1997, Buddy requested
confirmation of separate property and attorney's fees incurred in litigating the property settlement. 
See Tex. Fam. Code Ann. § 9.205 (West 1998). Regardless of the continued vitality of Buddy's
request for confirmation of separate property, his claim for attorney's fees survived Astrid's
nonsuit under the preservation clause of Rule 162, as Astrid concedes in her appellate brief. There
is no order or judgment in the clerk's record disposing of his claim for attorney's fees in
conjunction with the nonsuit or at any time before the final judgment rendered in April after the
"reinstatement." When the defendant has affirmative claims that can survive the plaintiff's nonsuit,
the parties have a final order from which they may appeal only if the trial court resolves by 
written order the issue of how much of the case the nonsuit dismissed. See Harris County
Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App.--Houston [1st Dist.] 1994, orig.
proceeding). Buddy's claim was still pending when he filed his amended answer and
counterpetition for divorce on January 26, 1998 and when the court signed its March 5 order
purporting to reinstate the case. The court's order "reinstating" this pending case merely clarified
its pendency, and was at worst unnecessary and harmless.

 Having resolved the issues on appeal against Astrid, we affirm the judgment of the
district court.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish
1. See Tex. R. Civ. P. 162.



 a general
denial on October 31, 1997. He also requested attorney's fees and a confirmation of separate
property, but did not seek a divorce. According to the judgment, the parties had reached an
agreement to settle the property disputes on October 22, 1997. Astrid, however, filed a notice of
nonsuit on January 14, 1998, (1) thwarting implementation of the agreement. The court's docket
sheet contains the notation "Final Judgment Signed" on that date and Buddy attached a copy of
the clerk's postcard notice that such a judgment was signed, but the clerk's record does not contain
a final judgment signed in January 1998.

 Buddy filed an amended answer and counterpetition for divorce on January 26,
1998. On February 12, 1998, he filed a motion to reinstate, application for temporary injunction,
motion for specific performance of a Rule 11 agreement, motion to render and enter judgment on
the Rule 11 agreement, motion for sanctions, and motion for attorney's fees. The district court
"reinstated" the suit on March 5, 1998, and rendered judgment on April 16, 1998 awarding the
divorce and ordering the parties to specifically perform the Rule 11 agreement reached on October
22, 1997.

 Astrid raises two issues on appeal. She contends the district court lacked authority
to reinstate the divorce action after she filed her notice of nonsuit. She also contends that, even
if the court could at some time reinstate the action, the court had lost that ability by March 5, 1998
when it signed the order reinstating the case. She does not attack the judgment in any other way.

 Astrid is correct that the district court could not reinstate her claims against her will
after she filed her notice of nonsuit. A plaintiff may take a nonsuit in her case at any time before
she has introduced all of her non-rebuttal evidence. Tex. R. Civ. P. 162. Astrid undisputedly
filed her nonsuit within that limitation. "The granting of a non-suit is merely a ministerial act. 
A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is
made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative
relief." Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982). The district court could
not force her to litigate her claims against her will by reinstating the suit.

 We conclude, however, that the district court never lost power over the suit. The
rule allowing nonsuits provides as follows:


Any dismissal pursuant to this rule shall not prejudice the right of an adverse party
to be heard on a pending claim for affirmative relief . . . . A dismissal under this
rule shall have no effect on any motion for sanctions, attorney's fees or other costs,
pending at the time of dismissal, as determined by the court.


Tex. R. Civ. P. 162. In his original answer, filed October 31, 1997, Buddy requested
confirmation of separate property and attorney's fees incurred in litigating the property settlement. 
See Tex. Fam. Code Ann. § 9.205 (West 1998).