Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00672-CV

**IN RE** Lora Hunt **KOCHHAR,** Individually and as
Guardian of the Estate of Clara S. Hunt, An Incapacitated Person

Original Proceeding[1]

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 16, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 14, 2011, relator Lora Hunt Kochhar, Individually and as Guardian of the

Estate of Clara S. Hunt, An Incapacitated Person, filed a petition for writ of mandamus,

complaining of the trial court's failure to dismiss the suit after a nonsuit was filed.  We conclude

the trial court erred in not dismissing the suit and conditionally grant mandamus relief.

## BACKGROUND

The underlying suit was filed by real parties in interest Beth Hunt Cooley and William

Clifton Hunt, III against relator Lora Hunt Kochhar, individually and in her capacity as Guardian

of the Estate of Clara S. Hunt, and real party in interest Hanover Insurance Company.  Lora was

---

[1] This proceeding arises out of Cause No. CCL10-1, *In the Estate of Clara Smith Hunt, Deceased*, pending in the County Court at Law, Kerr County, Texas, the Honorable Spencer W. Brown presiding.  However, the order complained of was signed by the Honorable Stephen B. Ables, presiding judge of the Sixth Administrative Judicial Region.

Clara's guardian until Clara's death in February 2010, and William is the independent executor of Clara's estate. William, Beth, and Lora are Clara's children. In the suit, William and Beth alleged Lora mismanaged Clara's estate during the guardianship, and named Hanover as a co-defendant because it provided the bond for Lora in her capacity as guardian. Lora filed counterclaims against William and Beth. Eventually Lora, William, and Beth came to a settlement agreement. On August 12, 2011, they filed a Joint Motion for Nonsuit asking the trial court to dismiss with prejudice all claims and counterclaims filed by William and Beth against Lora and Hanover, and Lora's counterclaims against William and Beth. Hanover was not listed as a movant in the nonsuit. The motion further provided:

> Plaintiffs and Defendants further state that the parties have reached an agreement to settle and compromise their differences in all claims and counterclaims now pending or that could be asserted in Cause No. CCL10-1, styled In the Estate of Clara Smith Hunt, Deceased, including but not limited to, William Clifton Hunt, III, Individually and as Executor of Estate of Clara Smith Hunt, Deceased and Beth Hunt Cooley, Plaintiffs v. Lora Hunt Kochhar, Individually and, as Guardian of the Estate of Clara S. Hunt, and the Hanover Insurance Company, Defendants. The parties have agreed to the filing of this joint motion to dismiss with prejudice to the rights of the parties.

To date, the motion has not been ruled on by the trial court.

On August 17, 2011, after the nonsuit was filed, Hanover filed a cross-claim against Lora for breach of contract, which was the first time Hanover sought affirmative relief against any party in the suit. Then, on August 18, 2011, Hanover sought a temporary restraining order, temporary injunction, and subsequently a writ of attachment, all relating to funds in the registry of the court that were to be disbursed as per the terms of the siblings' settlement agreement. On August 23, 2011, the trial court held a hearing at which the siblings opposed the writ of attachment on the basis that the nonsuit was filed prior to the filing of Hanover's cross-claim

against Lora, and, therefore, the suit should be dismissed. They also argued that any relief Hanover sought was improper because it was not sought prior to the filing of the nonsuit. At the conclusion of the hearing, the court made no ruling on the nonsuit and continued the hearing on Hanover's writ of attachment until September 1, 2011.

The following day, William and Beth filed a second nonsuit, providing they no longer sought to prosecute the suit against Lora and Hanover; however, the motion was not joined by Lora. The trial court signed an order granting without prejudice the second nonsuit on August 26, 2011. On September 1, 2011, at the hearing on Hanover's writ of attachment, the trial court found the first nonsuit "was not effective on that date," and denied the writ of attachment. Lora now seeks mandamus relief from this court based on the trial court's refusal to grant the nonsuit and dismiss the case.

## ANALYSIS

A plaintiff may nonsuit a case "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162. "Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990) (holding "[t]he plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief"); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982). A court order is not required. *Epps v. Fowler*, No. 10-0283, 2011 WL 3796618, *4 (Tex. Aug. 26, 2011). The case is terminated the moment the nonsuit is filed. *See id.* "In the absence of a claim by a defendant for affirmative relief, a trial judge's refusal to grant the nonsuit violates

a ministerial duty and should be corrected by mandamus." *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (citing *Greenberg*, 640 S.W.2d at 871); *see also Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010) (providing that mandamus relief is the appropriate remedy when a trial court refuses to comply with its ministerial duty to dismiss after a non-suit); *Greater*, 295 S.W.3d at 326.

Hanover acknowledges its cross-claim was filed after the first nonsuit was filed. However, Hanover asserts the nonsuit was ineffective because it did not merely seek an end to the action, but instead sought affirmative action from the trial court because it requested that the pending *and potential* claims of the parties be disposed of. Hanover relies on *Hooks v. Fourth Court of Appeals* for the proposition that a nonsuit that seeks affirmative relief is actually a motion to dismiss and does not alter the court's ability to adjudicate other matters. 808 S.W.2d at 59. However, *Hooks* involved a condemnation proceeding in which one party moved to dismiss the condemnation suit, sought the return of the condemnation award under section 21.019 of the Texas Property Code, and asked the Court to determine the reasonableness and necessity of the costs and expenses claimed by the other party under section 21.019. *Id.* at 58. The moving party asked the trial court to construe the dismissal as a nonsuit, but the Court found there were fact issues that had to be determined before the case could be dismissed. *Id.* at 59-60. Therefore, the Court concluded the dismissal was not a nonsuit because it sought affirmative relief, and instead determined it was a motion to dismiss pursuant to a special statutory provision. *Id.* at 59.

In the case at hand, Hanover claims the siblings' nonsuit sought affirmative action from the trial court by asking it to sign an order that attempted to extinguish Hanover's right to make a future claim against Lora. We disagree. The first nonsuit sought to dismiss with prejudice all

claims and counterclaims filed by William and Beth against Lora and Hanover, and Lora's counterclaims against William and Beth. While the motion further provided that "Plaintiffs" and "Defendants" agree that they have reached an agreement "to settle and compromise their differences in all claims and counterclaims now pending or that could be asserted [in the cause] . . . including but not limited to . . . the Hanover Insurance Company, Defendants," the only "Plaintiffs" and "Defendants" that were movants in the motion were William, Beth, and Lora—not Hanover. Therefore, the motion could not limit Hanover's right to bring suit against Lora in the future, as Hanover asserts it sought to do, because Hanover was not a movant to the motion. There were no factual determinations to be made by the trial court and the siblings sought only to dismiss the case, no affirmative relief was sought as was the case in *Hooks*. *Id.* at 59-60. Hanover provides no other case law to support its assertion that the nonsuit should be treated as a motion to dismiss that required further action from the trial court to be effective.

The Supreme Court has held that the rule applying to nonsuits is to be construed liberally in favor of the right to nonsuit. *Greenberg*, 640 S.W.2d at 872 (citing *Hoodless v. Winter*, 16 S.W. 427 (Tex. 1891)). The nonsuit clearly sought to dismiss all pending claims between the parties, and because at the time the nonsuit was filed Hanover had no pending claim for affirmative relief, the nonsuit was effective from the moment it was filed and the trial court erred in not dismissing the case. *See Greater*, 295 S.W.3d at 326; *BHP Pet. Co.*, 800 S.W.2d at 840; *Greenberg*, 640 S.W.2d at 872. Therefore, we conclude mandamus relief is appropriate. *Id.* Relator's request that we issue a writ of prohibition is denied because the relief provided by the granting of this mandamus is adequate. *See Holloway v. Fifth Ct. of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (holding a writ of prohibition is available only when the party seeking relief has no other adequate remedy by appeal).

## CONCLUSION

Because we conclude the trial court abused its discretion in failing to dismiss the suit, we conditionally grant the writ of mandamus.  The writ will issue only if the trial court fails to dismiss the suit within fourteen days.

Steven C. Hilbig, Justice