**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed November 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01150-CV

### UNITED STATES CATASTROPHIC RE-CONSTRUCTORS, INC., AND GARY CORBIN, Appellants
### V.
### DAVID SPENCER D/B/A CONTROL COLLECTIVE, LTD., Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-10135**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Stoddart
Opinion by Justice Fillmore

In a single issue, appellants United States Catastrophic Re-Constructors, Inc. (USCR) and

Gary Corbin appeal the trial court's order granting summary judgment in favor of appellee David

Spencer d/b/a Control Collective, Ltd. (Spencer) on USCR's claims for breach of contract and

quantum meruit. We affirm the judgment in part and reverse the judgment in part.

### Background

*USCR's Allegations*[1]

In its lawsuit against Spencer, USCR seeks to enforce a mechanic's and materialman's

lien and "constitutional" lien against real property located at 2413 S. Shiloh Road, Garland,

---

[1] The following factual allegations are taken from USCR's live pleading at the time of summary judgment. Although pleadings are not proof, they frame the issues for purposes of summary judgment. *See Ely v. Gen. Motors Corp.*, 927 S.W.2d 774, 782 (Tex. App.—Texarkana 1996, writ denied).

Texas. USCR also asserts claims against Spencer for breach of contract, unjust enrichment, quantum meruit, quantum valebant,[2] and for suit on a sworn account. According to USCR's pleading, it made, at the request of Spencer, "numerous repairs" to a commercial building on property located at 2413 S. Shiloh Road (the Building) and is owed a balance of $113,600 for that work, comprised of $24,800 for "extra painting" of approximately 40,000 square feet of the interior of the Building, $28,400 of "overhead," $28,400 of "profit," and $32,000 for work performed under a contract with Spencer for repair of the roof of the Building and for repair of approximately 5,000 square feet of roof that was not included in the scope of that contract.[3] USCR also pleads for recovery of $28,124 of sales tax relating to the work which "became [USCR's] responsibility." USCR asserts that of the $141,724 total of those amounts, work with a value of $10,000 was "left undone," and, therefore, the balance due USCR from Spencer is $131,724. USCR also pleads for recovery of its attorney's fees.

*Spencer's Counterclaim and Third-Party Action*

Spencer counterclaimed against USCR asserting that, pursuant to written agreements between them, USCR agreed to perform work on the Building at fixed prices, and USCR breached the contracts by failing to perform some of the agreed work and failing to perform other work in a good and workmanlike manner. Spencer also claimed USCR breached the implied warranty of workmanship under the Texas Deceptive Trade Practices Act (DTPA), and through Corbin, the president and owner of USCR, made false representations and failed to disclose information concerning USCR's goods and services in violation of the DTPA. Spencer pleaded for recovery of damages and attorney's fees. Spencer also filed a third-party claim

---

[2] "Quantum valebant is a common law action of assumpsit for goods sold and delivered, founded on the implied promise to pay what the goods are worth." *State Pipe & Supply, Inc. v. Trident Steel Corp.*, No. 14-99-00536-CV, 2000 WL 1591057, at *6 (Tex. App.—Houston [14th Dist.] Oct. 26, 2000, pet. denied) (not designated for publication). "Similar to quantum meruit, it concerns an implied promise to pay for the reasonable market value of goods delivered to the buyer." *Id*.

[3] USCR's claim in the amount of $32,000 for repair of the roof of the Building is the net of an invoice USCR submitted to Spencer in the amount of $62,000, less payment of $30,000 received from Spencer.

against Corbin, alleging Corbin violated the DTPA by making false representations and failing to disclose information regarding USCR's goods and services, for which Spencer sought damages and attorney's fees.

*Spencer's Motion for Summary Judgment*

As pertinent to this appeal, Spencer moved for a traditional summary judgment on the grounds that he is not liable to USCR under a breach of contract or quantum meruit cause of action for the alleged cost of "extra painting" of the interior of the Building, the alleged cost of repair of extra square footage on the roof of the Building, or USCR's overhead, profit, or sales tax obligation relating to the work, *see* TEX. R. CIV. P. 166a(c), and for a no-evidence summary judgment on the grounds that there is no evidence of each element of USCR's claims of breach of contract or quantum meruit. *See* TEX. R. CIV. P. 166a(i).[4] Spencer also asserted in his motion for summary judgment that, because he is not liable to USCR for breach of contract or in quantum meruit, the mechanic's and materialman's lien filed by USCR is invalid.

*Summary Judgment in Favor of Spencer*

Without stating the bases for its ruling, the trial court granted summary judgment to Spencer as to USCR's claims for affirmative relief and ordered USCR's claims dismissed with prejudice. Corbin and USCR filed this appeal.

**Corbin's Appeal**

Contrary to USCR's assertion in its brief that USCR and Corbin filed suit against Spencer and that USCR and Corbin filed a response to Spencer's motion for traditional and no-evidence summary judgment, only USCR asserted claims for affirmative relief against Spencer and

---

[4] Spencer moved for summary judgment on his counterclaim and third-party claim, asserting summary judgment evidence proves that USCR's breach of the written agreements caused him damage. Spencer also asserted summary judgment evidence proves Corbin and USCR violated the DTPA by committing false, misleading, and deceptive acts and USCR violated the DTPA by breaching an implied warranty of workmanship. Spencer asserted summary judgment evidence proves Corbin and USCR jointly and severally caused Spencer damage in an amount of "at least" $498,217.99. The trial court denied summary judgment on these claims, and Spencer nonsuited the claims.

responded to Spencer's summary judgment motion. On August 11, 2014, Spencer filed a notice of non-suit of his counter-claims against USCR and third-party action against Corbin, and the trial court signed an order of non-suit of the counter-claims and third-party action on August 18, 2014. On September 5, 2014, USCR and Corbin filed a notice of appeal of the trial court's order granting Spencer's motion for summary judgment and dismissing USCR's claims for affirmative relief with prejudice.

Corbin did not plead for affirmative relief in the trial court, and Spencer non-suited his third-party action seeking affirmative relief from Corbin. *See Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (trial court has no discretion to deny nonsuit unless prior to notice of nonsuit, defendant has filed pleadings seeking affirmative relief); *Life Forms, Inc. v. Woodlands Operating Co.*, 304 S.W.3d 591, 602–03 (Tex. App.—Beaumont 2010, pet. denied) (party has absolute right to non-suit, provided the dismissal cannot prejudice the right of an adverse party "to be heard on a pending claim for affirmative relief. . . ." (quoting TEX. R. CIV. P. 162); pleading that does nothing more than resist plaintiff's right to recover is not a claim for affirmative relief). Further, Corbin does not seek any affirmative relief on appeal. *See In re West End API, Ltd. v. Rothpletz*, 732 S.W.2d 371, 374 (Tex. App. —Dallas 1987, writ ref'd n.r.e.) (appellate court cannot grant relief appellant does not pray for). Therefore, to the extent Corbin challenges the trial court's judgment on appeal, we resolve Corbin's appeal against him.

**Summary Judgment as to USCR's Causes of Action**

In a single issue on appeal, USCR contends the trial court erred in granting summary judgment in Spencer's favor on its breach of contract and quantum meruit causes of action.

*Standard of Review*

We review the grant of summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013), *cert. denied*, 135 S. Ct. 435 (2014). The standards of review

–4–

for traditional and no-evidence summary judgments are well known. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence favorable to the nonmovant if a reasonable fact-finder could, and we disregard evidence contrary to the nonmovant unless a reasonable fact-finder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Gish*, 286 S.W.3d at 310. If the trial court's order does not state the grounds on which summary judgment was granted, we will affirm if any of the theories advanced by the summary judgment movant are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). When a party has moved for summary judgment on both traditional and no-evidence grounds, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438–39 (Tex. App.—Dallas 2014, no pet.).

*Foreclosure of a Lien, Enforcement of Mechanic's and
Materialman's Lien, Quantum Valebant, and Suit on a Sworn Account*

USCR states in its appellate brief that it "raised fact issues on every element of the cause [sic] of action asserted in its pleadings." However, on appeal, USCR has not argued error by the trial court in granting summary judgment except with regard to its breach of contract and quantum meruit causes of action. "When a summary judgment ground goes unaddressed, its validity is presumed." *Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Services, LLC*, 404 S.W.3d 737, 743 (Tex. App.—El Paso 2013, no pet.). USCR has not challenged the trial court's summary judgment on its claims for foreclosure of a lien, enforcement of a mechanic's and materialman's lien, quantum valebant, or suit on a sworn account. Therefore, we affirm the trial court's summary judgment in favor of Spencer on USCR's claims for foreclosure of a lien, enforcement of a mechanic's and materialman's lien, quantum valebant, and suit on a sworn account. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313–14 (Tex. App.—Dallas 2009, pet. denied) (affirming summary judgment with respect to trespass claim because appellant failed to challenge the grounds on which summary judgment could have been granted as to that cause of action); *Cuidado Casero Home Health*, 404 S.W.3d at 743–44 (because appellant did not challenge summary judgment as to its tortious interference claim on appeal, court will presume the grounds raised to defeat the claim are valid).

*Breach of Contract and Quantum Meruit*

It is undisputed that USCR and Spencer entered into written contracts for repair of the roof of the Building (the Roof Contract) and for remodeling of the interior of the Building (the Remodel Contract). Under the Roof Contract and Remodel Contract, USCR agreed to provide "all labor, licensing, permitting, general liability insurance and supervision to perform the work described." The Roof contract contains the following provisions relating to scope of work and price:

1)      Power wash entire roof structure
2)      Power sweep entire roof structure
3)      APPLY TACK PRIMER - LOW RISE FOAM ADHESIVE (BASF) approx. 35, 511 sqft.
4)      Apply 2" spray polyurethane foam insulation SPRAYTITE 168 (BASF) approx. 35, 511 sqft.
5)      Install elastomeric top coating @ 4 gallons per 100 sq ft – COATING ASTM D6947 (BASF) approx. 35,511 sqft.
6)      RE-FASTEN ALL LOOSE METAL

Total $142,000.00

1)      Remove and replace 256' of 6" commercial guttering
2)      Remove and replace 12 commercial downspouts

Total $  2,600.00

Total Price  $144,600.00

The Remodel Contract sets out the following scope of work to be performed inside the Building: remove and replace suspended ceiling tiles and remove and replace insulation in twenty-one areas; clean, strip, and wax the floors in ten areas; seal and paint surface areas in eight areas; clean surfaces in two areas; remove flooring or carpet and replace with ceramic tile in three areas; clean and deodorize carpets in eight areas; and replace sheetrock, patch, and ready for paint in six areas. The Remodel Contract indicates the total price for this scope of work is $69,871.00.

The Roof Contract and Remodel Contract provide:

Any changes and/or deviations to Scope of Work (Proposal) or any addendum to the price will be addressed only in writing. The agreed negotiated (U.S.C.R., Inc.) proposal will be the basis for the work to be performed.

* * *

If in agreement with this proposal, by signing below sign below [sic] you agree this proposal will become a contract.

Spencer and USCR also executed a document entitled "Contract" (the Insurance Contract), which provides:

It is understood and agreed that in order to effect repairs to the property referenced hereinabove; [sic] that the Contractor will commence said repairs subject to the terms and conditions attached hereto as applicable.

In consideration of agreement the Contractor agrees to charge the owner no more that [sic] the insurance company representative allows as well as payment of claim for damages.

The backside of the Insurance Contract contains the following terms and conditions:

THE CONTRACT ON THE FACE HEREOF AND ANY AGREEMENT MADE PURSUANT THERETO BETWEEN [USCR] ("THE COMPANY") AND THE CUSTOMER(S) WILL BE SUBJECT TO . . . THE FOLLOWING SPECIAL TERMS AND CONDITIONS.

\* \* \*

15. This agreement constitutes the entire agreement between the parties. It may be changed only by written instrument signed by both parties.

\* \* \*

17. Any representations, statements, or other communications not written in this contract are agreed to be immaterial, and not relied on by either part [sic], and do not survive the execution of this contract.

\* \* \*

19. [USCR] will have the right to supplement the Insurance Co., in the event material and labor increases over five percent (5%) from the date of damage.

\* \* \*

21. These conditions shall be considered a part of any contract entered into or authorized to proceed. [sic] The same as if they were included therein.

<u>Elements of Breach of Contract and Quantum Meruit</u>

The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages as a result of the breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.).

–8–

The right to recover in quantum meruit is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Campbell v. Nw. Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex. 1978). To recover under the equitable doctrine of quantum meruit, a plaintiff must establish: (1) valuable services were rendered or materials furnished, (2) to the party sought to be charged, (3) which services or materials were accepted by the party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)).

<u>Spencer's No-Evidence Motion for Summary Judgment</u>

USCR pleads for damages for breach of contract and for equitable damages under the doctrine of quantum meruit. USCR pleads Spencer is liable for $24,800 for "extra painting" of approximately 40,000 square feet of the interior of the Building, $32,000 for work performed under the Roof Contract and for repair of approximately 5,000 square feet of roof that was not included in the scope of that contract, $28,400 of "overhead," $28,400 of profit, and $28,124 of sales tax obligation that it incurred relating to the work.

Spencer moved for a no-evidence summary judgment, asserting there is no evidence of any of the elements of a valid, enforceable oral or written contract calling for him to pay USCR for the cost of "extra painting" of the interior of the Building, cost for repair of 5,000 square feet of roof purportedly not included within the scope of the Roof Contract, or USCR's overhead, profit, or sales tax obligation. With regard to the $28,400 USCR seeks for "extra painting" of the interior of the Building, Spencer asserted there is no evidence USCR painted 40,000 square feet of the interior of the Building in addition to the painting specified to be performed in the Remodel Contract or that the amount USCR claims for the additional painting is reasonable.

Further, Spencer asserted there is no evidence any additional painting of the interior of the Building, changing the scope of work of the Remodel Contract, or increasing the fixed price of the Remodel Contract were addressed in writing as required by the Remodel Contract. With regard to USCR's claim for quantum meruit damages for the "extra painting," Spencer asserted there is no evidence Spencer requested USCR to perform, or expected to be charged, for the "extra painting" or that USCR expected to be paid by Spencer for the "extra painting."

Concerning USCR's claims for breach of contract and quantum meruit damages relating to repair of 5,000 square feet of roof not included in the scope of the Roof Contract, Spencer asserted there is no evidence that: USCR performed any repair of the roof in addition to that specified in the Roof Contract; additional repair work increasing the fixed price of the Roof Contract was addressed in writing as required by that contract; Spencer requested USCR to perform additional roof repairs not specified in the Roof Contract; Spencer was reasonably notified USCR expected to be paid for roof repairs in an amount exceeding the fixed price of the Roof Contract; or the amount claimed for any additional roof repair is reasonable.

In response to Spencer's no-evidence motion for summary judgment, USCR relied upon excerpts of Corbin's deposition. Corbin testified the Roof Contract encompassed repair of 35,511 square feet of roof surface, which was not the entire roof surface, but was the surface area Spencer's property insurer would pay to have repaired as a result of storm damage. Corbin indicated Spencer was aware that the square footage to be repaired under the Roof Contract did not encompass the entire roof surface. According to Corbin, Spencer inquired about the total square footage of the roof, and Corbin provided him "an insurance program" that showed the exact measurements of the Building's roof totaling approximately 42,000 square feet. Corbin testified Spencer wanted the entire roof repaired and intended to pay for the additional repairs himself. Further, Corbin testified USCR performed, at Spencer's request, repairs and

improvements, including painting, to the interior of the Building in addition to the scope of work set out in the Remodel Contract. Corbin indicated Spencer agreed to pay for the additional work. Relying on Corbin's deposition testimony, USCR argues on appeal that the "extra painting" of approximately 40,000 square feet of the interior of the Building and roof repairs on approximately 5,000 square feet of roof that were not included in the scope of the Roof Contract were performed by USCR pursuant to an oral agreement with Spencer entirely separate from the obligations contained in the Roof Contract and Remodel Contract. According to USCR, the scopes of work contained in the Roof Contract and Remodel Contract were the subject of Spencer's property insurance claim, while the scopes of work subject to the oral agreement were not.

Viewing the evidence in the light most favorable to nonmovant USCR, as required by the applicable standard of review, *see O'Donnell*, 286 S.W.3d at 424, there is summary judgment evidence that raises a genuine issue of material fact as to whether Spencer and USCR entered into an oral agreement for painting the interior of the Building that was in addition to the scope of work contained in the Remodel Contract, for which USCR seeks breach of contract damages. With regard to USCR's claim for quantum meruit damages, there is, likewise, summary judgment evidence that raises a genuine issue of material fact as to whether Spencer requested USCR to perform, and expected to be charged for, additional painting of the interior of the Building. There is also summary judgment evidence that raises a genuine issue of material fact as to whether Spencer and USCR entered into an oral agreement for the repair of approximately 5,000 square feet of the roof of the Building that was in addition to the scope of the work in the Roof Contract for which USCR seeks breach of contract damages. With regard to USCR's claim for quantum meruit damages, there is, likewise, summary judgment evidence that raises a genuine issue of material fact as to whether Spencer requested USCR to perform roof repairs not

–11–

specified in the Roof Contract and was aware USCR expected to be paid for these repairs in addition to the fixed price of the Roof Contract. Further, Spencer did not challenge in his no-evidence motion for summary judgment USCR's claim for damages relating to work, for which it had not been compensated, that was within the scope of the Roof Contract. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (trial court cannot grant summary judgment on grounds that were not presented). For these reasons, we conclude Spencer is not entitled to a no-evidence summary judgment on USCR's claims for breach of contract and quantum meruit damages in the amount of $28,400 for "extra painting" of the interior of the Building and in the amount of $32,000 for roof repair.

With regard to USCR's claims for damages in the amounts of $24,800 for overhead, $24,800 for profit, and $28,124 for the sales tax obligation it incurred relating to the work, Spencer asserted there is no evidence of any of the elements of a valid, enforceable oral or written contract requiring payment to USCR for those items. Neither the Roof Contract nor the Remodel Contract contain a provision explicitly permitting USCR to charge Spencer for USCR's overhead, profit, or sales tax obligation in addition to the fixed prices contained in those contracts. The Insurance Contract does not address overhead, profit, or sales tax obligations. Corbin testified Spencer is currently in possession of proceeds from a property insurance claim relating to payment of USCR's overhead and profit. Corbin testified he had both contractual and verbal authority from Spencer to negotiate with Spencer's property insurer regarding payment of USCR's overhead and profit; he forwarded an estimate to the insurance company that included USCR's overhead and profit; and the insurance company sent payment by check for these costs directly to Spencer. Corbin testified USCR billed Spencer for overhead and profit, and that USCR was entitled to the insurance proceeds paid to Spencer to compensate for USCR's overhead and profit because an insurer will not make payment to a property owner for overhead

and profit unless a general contractor is involved in repairing damage that is the subject of a covered claim. This testimony is no evidence of a valid and enforceable oral or written contract between USCR and Spencer for Spencer's payment of USCR's overhead, profit, or sales tax obligation. The Roof Contract and Remodel Contract provide that "any addendum to the price will be addressed only in writing" and there is no addendum to either contract in the summary judgment evidence entitling USCR to recovery from Spencer of its overhead, profit, or sales tax obligation. Viewing the evidence in the light most favorable to nonmovant USCR, there is no evidence supporting USCR's claims for damages relating to overhead, profit, and its sales tax obligation resulting from the work, and we conclude summary judgment in Spencer's favor on those claims is not erroneous.

Spencer's Traditional Motion for Summary Judgment

Spencer moved for traditional summary judgment on the grounds that the summary judgment evidence proves the Roof Contract and the Remodel Contract are valid written contracts calling for Spencer to pay USCR a fixed price for a specific scope of work and that any changes or deviations to the scope of work or any addendum to the price must be addressed in writing. Spencer asserted summary judgment evidence establishes there is no valid contract between Spencer and USCR requiring Spencer to pay for the alleged additional 5,000 square feet of roof repair that was not included in the scope of the Roof Contract, and that Spencer did not request and did not expect to be charged by USCR for performing any work on roof other than that specified in the Roof Contract. Spencer also asserted summary judgment evidence establishes he did not request USCR to paint any of the interior of Building in addition to the painting specified in the Remodel Contract, and he did not expect to be charged by USCR for painting not included in Remodel Contract.

In response to Spencer's traditional motion for summary judgment, USCR asserted genuine issues of material fact exist regarding whether the Roof Contract called for repair of the entire roof of the Building. USCR argued the Roof Contract called for spray of foam insulation to approximately 35,511 square feet of the roof surface, which was not the entire roof surface but was the surface area Spencer's property insurer would pay to have repaired as a result of storm damage, and Spencer was aware of this. USCR further responded that Spencer requested, and agreed to pay for, work in addition to the scope of work described in the Remodel Contract, including additional painting.[5]

Spencer relies on his affidavit as summary judgment evidence. With regard to USCR's claims for breach of contract and in quantum meruit in the amount of $32,000 relating to work performed pursuant to the Roof Contract and repair of approximately 5,000 square feet of roof that was not included in the scope of that contract, Spencer attested: USCR's proposal for roof repair encompassed the entire roof of the Building and the number of square feet included in the contract consisted of the entire square footage of the Building roof; USCR contracted for repair of the roof of the Building for a fixed price, and no additional cost to Spencer for repair of the roof was addressed in writing as is required by the Roof Contract; and he never agreed to or approved extra roof repair that would increase the fixed price of the Roof Contract.

With regard to USCR's claims for breach of contract and in quantum meruit for $24,800 relating to painting of the interior of the Building in addition to the scope of work set out in the Remodel Contract, Spencer attested: no additional cost to Spencer for additional painting was addressed in writing as required by the Remodel Contract; he never agreed to or approved

[5] USCR responded to Spencer's motion for summary judgment regarding USCR alleged misrepresentations and Corbin's qualifications to perform roofing and general contractor work. However, Spencer's motion for summary judgment on his counterclaims for affirmative relief against USCR were denied, and Spencer non-suited his claims for affirmative relief. Therefore, we need not address USCR's response to Spencer's motion for summary judgment except to the extent it addresses USCR's claims for affirmative relief based on breach of contract and quantum meruit.

painting in the interior of the Building that was not included in the scope of work as set out in the Remodel Contract; and he did not expect to be charged by USCR for painting any of the interior of the Building except the painting included in the Remodel Contract.

Corbin testified in his deposition that the Roof Contract called for spray of foam insulation to approximately 35,511 square feet of the roof, which was not the entire roof surface, but was the surface area Spencer's property insurer would pay to have repaired as a result of storm damage, and Spencer was aware the scope of work did not encompass the entire roof surface. As indicated previously in this opinion, Corbin testified Spencer asked him about the total square footage of the roof, and Corbin provided him "an insurance program" that showed the exact measurements of the Building's roof, totaling approximately 42,000 square feet. Corbin testified Spencer wanted the entire roof repaired and intended to pay USCR for the additional repair footage. With regard to work USCR performed on the interior of the Building, Corbin testified USCR performed repairs and improvements to the interior of the Building in addition to the scope of work set out in the Remodel Contract, including additional painting, which Spencer requested and for which he agreed to pay. Again, USCR argues the scopes of work contained in the Roof Contract and Remodel Contract were the subject of Spencer's property insurance claim, while the additional work requested by Spencer and the subject of an oral agreement between the parties was not.

Viewing the evidence in the light most favorable to non-movant USCR, there is a genuine issue of material fact as to whether Spencer and USCR entered into an oral agreement for painting of the interior of the Building that was in addition to the scope of work contained in the Remodel Contract, for which USCR seeks damages in the amount of $24,800 as invoiced to Spencer. With regard to USCR's claim for quantum meruit damages, there is, likewise, a genuine issue of material fact as to whether Spencer requested USCR to perform, and expected

–15–

to be charged for, additional painting of the interior of the Building. There are genuine issues of material fact as to whether Spencer is liable to USCR for damages relating to work, for which it had not been compensated, that was within the scope of the Roof Contract, and whether Spencer and USCR entered into an oral agreement for the repair of approximately 5,000 square feet of the roof of the Building in addition to the scope of the work contained in the Roof Contract, for which USCR seeks breach of contract damages in the amount of $32,000. With regard to USCR's quantum meruit cause of action, there is a genuine issue of material fact as to whether Spencer requested USCR to perform roof repairs not specified in the Roof Contract and was aware USCR expected to be paid for these repairs in addition to the fixed price of the Roof Contract. We conclude there are genuine issues of material fact with regard to USCR's claims for breach of contract and quantum meruit relating to "extra painting" of the interior of the Building and for roof repair, and summary judgment on these claims was erroneous.

Spencer additionally asserted summary judgment evidence establishes that the Insurance Contract is not a valid and enforceable contract, and there is no valid contract between Spencer and USCR requiring Spencer's payment of USCR's overhead, profit, and sales tax obligation resulting from the work. Having concluded there was no error in granting a no-evidence motion for summary judgment in Spencer's favor as to those claims, we need not address Spencer's ground for traditional summary judgment on those claims. *See Rico*, 420 S.W.3d 439 (if summary judgment appropriate under no-evidence standard, appellate court need not address issues related to traditional summary judgment motion).

### Conclusion

We reverse the summary judgment in favor of Spencer on USCR's breach of contract claims for alleged extra painting of approximately 40,000 square feet of the interior of the Building, work performed under the Roof Contract, and repair of approximately 5,000 square

–16–

feet of roof not included in the scope of the Roof Contract. We reverse the summary judgment in favor of Spencer on USCR's quantum meruit claims for alleged extra painting of approximately 40,000 square feet of the interior of the Building and repair of approximately 5,000 square feet of roof not included in the scope of the Roof Contract. We remand those claims to the trial court for further proceedings. In all other respects, the trial court's judgment is affirmed.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

141150F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

UNITED STATES CATASTROPHIC RE-
CONSTRUCTORS, INC. AND GARY
CORBIN, Appellants

No. 05-14-01150-CV          V.

DAVID SPENCER D/B/A CONTROL
COLLECTIVE, LTD., Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-13-10135.
Opinion delivered by Justice Fillmore, Chief
Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED** in part and **REVERSED** in part.  We **REVERSE** that portion of the trial court's
judgment granting judgment in favor of David Spencer d/b/a Control Collective, Ltd, on United
States Catastrophic Re-Constructors, Inc.'s breach of contract claims for alleged extra painting of
the interior of Spencer's building, roof repair work on Spencer's building performed under a
written contract between the parties, and roof repair work on Spencer's building not included in
the scope of that written contract, and quantum meruit claims for alleged extra painting of the
interior of Spencer's building and roof repair work on Spencer's building not included in the
scope of the written contract between the parties.  In all other respects, the trial court's judgment
is **AFFIRMED**.  We **REMAND** this cause to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 13th day of November, 2015.