In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-17-00348-CV
_____

### IN RE ERIC HOUGHTON

**Original Proceeding**
**317th District Court of Jefferson County, Texas**
**Trial Cause No. C-218,153-B**

### MEMORANDUM OPINION

Eric Houghton asks this Court to issue a writ of mandamus directing the trial court to vacate its September 15, 2017 order to return a child, R.H., to the real party in interest, Melissa Houghton, and transfer the case to Anderson County, Texas, where Eric resides and a court has jurisdiction over a habeas petition previously filed by Melissa.[1] We conditionally grant relief in part.

---

[1] We granted a temporary stay of the trial court's order of September 15, 2017. *See* Tex. R. App. P. 52.10(b). In this opinion, we refer to the parties by their given names for ease of reference.

1

Timeline of Events

2014 — Eric and Melissa divorce in Jefferson County. In the divorce decree, the 317th District Court of Jefferson County, Texas, grants Melissa the exclusive right to determine the residence of R.H. within the State of Tennessee.

2015 — Melissa and R.H. move to Tennessee.

June 30, 2017 — In the 317th District Court, Eric files a petition to modify, seeking the right to determine the child's primary residence, and a motion to transfer the proceeding to Anderson County, Texas. Eric obtains an order from the County Court at Law of Anderson County, Texas, temporarily restraining Melissa from removing R.H. from Eric's possession and scheduling a hearing for July 14, 2017.

July 11, 2017 — Melissa files a petition for registration and modification of the divorce decree and petition for contempt in the Chancery Court of Rutherford County, Tennessee.

July 14, 2017 — Melissa files a petition for writ of habeas corpus to recover possession of R.H. in the County Court at Law of Anderson County. In the County Court at Law of Anderson County, the parties enter into a Rule 11 agreement providing that R.H. temporarily remain in Eric's possession until such time as modified by subsequent agreement or order of a court with jurisdiction. The agreement further provides that the courts in Anderson County, Texas, and

2

Rutherford County, Tennessee, would confer regarding temporary orders for the protection of R.H.

July 20, 2017 — The courts in Anderson County, Texas, and Rutherford County, Tennessee, agree that the court in Tennessee would yield its jurisdiction to the court in Anderson County, Texas, and abate the proceedings in Tennessee.

August 16, 2017 — Melissa files a motion in the Tennessee action, seeking to have the court rescind its order of July 20, 2017.

August 22, 2017 — In the 317th District Court of Jefferson County, Texas, Melissa files a special appearance, plea to the jurisdiction, and requests for the court to decline jurisdiction, and a separate answer and controverting affidavit to Eric's motion to transfer the case to Anderson County, Texas.

August 23, 2017 — Eric's motion to transfer and Melissa's special appearance, plea to the jurisdiction, and request for the court to decline jurisdiction are scheduled for hearing before the 317th District Court on September 11, 2017.

September 11, 2017 — Eric files a notice of nonsuit in the 317th District Court. Melissa files a petition for a writ of habeas corpus in the 317th District Court, seeking to recover possession of R.H.

September 12, 2017 — The 317th District Court of Jefferson County, Texas, orders Eric to appear before the court on September 14, 2017, for the purpose of

3

determining the right of possession to R.H. The 317th District Court issues a writ of attachment directing any sheriff or constable of the State of Texas to take the body of the child and deliver R.H. to the court on September 14, 2017. Eric files an application for a temporary restraining order with the County Court at Law for Anderson County, seeking to restrain the attachment of R.H. pursuant to the writ of attachment issued by the 317th District Court. The Anderson County Court at Law issues a temporary restraining order and orders Melissa to appear before the court on September 25, 2017, for a temporary injunction hearing.

September 14, 2017 — In the 317th District Court, Eric files a special appearance to quash service, a plea to the jurisdiction, and a motion for continuance of Melissa's habeas petition. Eric maintains that Melissa elected to have the habeas proceeding determined in Anderson County by filing a habeas petition in that county before she filed a habeas petition in Jefferson County.

September 15, 2017 — The 317th District Court orders Eric to return R.H. to Melissa on September 22, 2017, and awards Melissa travel expenses and attorney's fees.

Habeas Corpus for Return of Child

A habeas corpus proceeding is not a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 157.371(b) (West 2014). "The relator may file

4

a petition for a writ of habeas corpus in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found." *Id.* § 157.371(a) (West 2014). "'The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.'" *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (quoting *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974)). In this case, Melissa filed a petition for a writ of habeas corpus in the County Court at Law of Anderson County, and that petition was active when she filed a petition for a writ of habeas corpus in Jefferson County. Because both courts had jurisdiction under section 157.371(a) of the Family Code, the court where the petition was filed first maintained dominant jurisdiction. *See id*. We hold that the 317th District Court abused its discretion by granting the petition for a writ of habeas corpus while the same habeas corpus proceeding was pending in Anderson County.

Motion to Transfer

Eric asks this Court to require the 317th District Court to transfer the case to Anderson County, Texas. However, Eric filed a notice of nonsuit in the 317th District Court. When a party files a notice of nonsuit, the trial court has a ministerial duty to grant the nonsuit. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295

S.W.3d 323, 324-25 (Tex. 2009) (orig. proceeding); *Greenberg v. Brookshire*, 640 S.W.2d 870, 871 (Tex. 1982) (orig. proceeding); *see also* Tex. R. Civ. P. 162. The trial court did not abuse its discretion by failing to transfer Eric's motion to modify after Eric nonsuited his claims.

Entitlement to Relief

Mandamus may issue to enforce dominant jurisdiction. *J.B. Hunt Transport*, 492 S.W.3d at 299-300. Mandamus relief is conditionally granted in part. We are confident that the 317th District Court will vacate its order of September 15, 2017, and the writ shall issue only in the event the trial court fails to comply. We lift our temporary order staying further proceedings in the trial court. All other relief requested by the relator is denied.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on October 2, 2017
Opinion Delivered October 19, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.